Lipscomb, J.
This case comes up on an appeal from the district court for the county of Liberty.
The judgment was rendered on an award of arbitration under a rule of reference. The main ground relied on in this court to reverse the judgment is, the alleged misconduct of the referees in *(353) hastening the investigation so as to cut out and exclude material evidence in favor of the appellant, and in refusing to postpone the examination to give him time to produce his testimony, the meeting of the arbitrators being on the fifth day after the rule of submission. The statement of the facts presents the case to be as follows: Mr. Abbott, one of the counsel for the appellant, being examined as a witness for the defendant, stated under oath that when the arbitrators met for the purpose of determining the case, he and Mr. Branch, his partner in law and associate in the defense of this case, attended and commenced the investigation; that after they progressed some time, it was discovered that an important and material paper to the defense was missing; that this paper is a document marked A, a receipt from J. B. Woods for certain notes, accounts, etc.; that as soon as he discovered the loss of this paper he opposed the further action of the arbitrators until it could be found; that Mr. Branch, his associate, and D. B. Cost, who had acted as agent and friend of the defendant, Green,'opposed his course, and urged the arbitrators to proceed with the investigation; that he, Abbott, protested against this proceeding and abandoned the case, with the purpose of availing himself of a motion to set aside the award. Messrs. Yan Prodellas and Dismuke, two of the arbitrators, stated that they had under their consideration all the accounts, claims, vouchers, etc., which were produced by the parties at the time; that the paper alluded to by Mr. Abbott, marked A, was not produced; that Abbott informed them that there was such a paper missing; that D. B. Cost was examined as to its contents; and they recognize in said paper many accounts and claims which were allowed to the defendant as offsets in their account current. They both stated that offsets and credits were allowed in favor of said Green by them in their award, which, in their opinion in law, he was not entitled to; but, considering all the circumstances of the case, they conceive they had a right to allow them. Dismuke afterwards in explanation said, that he did not state distinctly that Branch agreed to go on with the examination after Abbott abandoned the case; that Branch was present after this, aiding and assisting them in their investigation; that Cost said before the arbitrators, if the paper missing was before them it would make the award of the arbitrators about equal to the judgment of the probate court in this case.
The awards of arbitrators have always been looked upon with peculiar favor, as it is a conciliatory mode of adjusting disputes by persons specially chosen for that purpose. If the proceedings before *(354) them have the appearance of fairness to both parties, mere technical objections will receive no countenance from the court.
But, although much is conceded to their discretion, irregularities calculated to injure either party will not be tolerated. Whep they have been selected* and the matters and things in controversy between the parties have been submitted, the parties have a right to expect at their hands that due regard will be paid to their mutual rights. As to the time, place and mode of conducting the investigation of the matter submitted, neither party is supposed to waive a just regard and observance on the part of the referees of these essentials to a faithful discharge of the trust reposed; hence an abuse of those rights will always be considered such an irregularity as to justify the court in setting aside their award. The authorities read by the appellant’s counsel are ample and conclusive on this subject.
Those authorities were introduced and relied on in support of an assumption that those irregularities had occurred and appeared manifest from the record. "We will never presume anything against an award; so far from it we are bound to support it by every presumption in its favor not contradicted by proof. Now the propositions on which it has been sought to set aside the award in this case are, that the arbitrators hurried into the investigation without giving notice to the appellant on the fifth day after the entry of the rule of submission ; that they refused to give the defendant time to procure his testimony when he had been surprised in the course of the investigation by the discovery of a very important paper being absent. Those are grave charges, and if sustained by the record would disclose a degree of moral delinquency on the part of the arbitrators that would have merited and no doubt received a signal rebuke from the court in, promptly setting aside the award.
The record, however, does not afford the slightest grounds on which to raise a presumption that the investigation was premature or unseasonably commenced without notice to the appellant. On the other hand it is fair to presume that the time and place was a matter of amicable arrangement between the parties, as they met and commenced the investigation without the appearance of any objections. There is as little foundation for the other charge that on the discovery of an important paper being absent, he had been refused time to-procure it. Mr. Abbott, one of the counsel for the appellant, who-seceded from the cause for the purpose of intrenching himself on his reserved rights, says, that Mr. Branch, his partner in law and associate for the appellant, differed with him, and insisted, together with the friends and agent of the appellant, that the arbitrators should *(355) proceed — no doubt being fully satisfied that the paper was not important and that its contents would be available in proof; and that such was really the result, there can be no doubt from the evidence of the arbitrators that they did allow him credits contained in the absent receipt, and that they allowed some offsets in his favor that in law he was not entitled to. We believe that the arbitrators, under the circumstances, did right in proceeding with the investigation. With what propriety could they resist the urgent application of Mr. Branch, the counsel for the appellant, and Mr. Cost, his friend and agent, to proceed in the investigation? It is not believed from the record that the appellant sustained any injury from his divided counsel; but if it had been otherwise, there is surely n'o blame to be attached to the arbitrators who, very naturally concluded, in the division of opinion between the two counsel, that the weight of the opinion and wishes of the friend and agent gave the preponderance on that side. The spectacle was a most singular one indeed for one of the counsel to divide from his partner and colleague in the case; and in opposition to the wishes of the agent of his client, when he could not succeed in his own way; to withdraw with the avowed intention of enabling himself to move to set aside the award. To a motion made under such circumstances, it seems, to me that there could be but the one response resulting from a well organized mind that he should take nothing by his motion. The judgment is affirmed.