### D. F. PAYNE v. G. METZ.

Where parties proceed under the Act of April 25th, 1846, (Hart. Dig. p. 89,) to arbitrate their controversy, and by their agreement stipulate that there shall be no appeal, either party may object to the entry of the award as the judgment of the Court, on the ground of fraud, partiality, misconduct or gross mistake on the part of the arbitrators, to the manifest injury of the party complaining.

Such objection is properly made before the entry of the award, by petition setting forth the facts which constitute the ground of objection.

Where there is a waiver of the right to appeal, in an agreement to arbitrate under the statute, in order to authorize the District Court to interfere, as a Court of Equity, there must appear to have been fraud, partiality, misconduct or gross mistake committed on the part of the arbitrators, to the manifest injury of the party complaining.

Where an award under the statute (an appeal being waived) is found on objection thereto, to be liable to the charge of fraud, partiality, misconduct or gross mistake on the part of the arbitrators, the Court should not only refuse to enter it as the judgment of the Court; but should set it aside, and if the case is one proper for judicial cognizance, having obtained jurisdiction, should proceed to a final adjudication and settlement of the rights of the parties.

Error from Colorado. This was a submission to arbitration, under the statute, (Hart. Dig. p. 89,) of the statement of account between the parties as partners in trade. It was agreed there should be no appeal. The award was filed, with a motion that it be entered as the judgment of the Court. Before it was so entered, Metz filed a petition in which he alleged gross mistakes, stating the particulars, on the part of the arbitrators, which resulted in great injury to him, and prayed that the award be not entered as the judgment of the Court, but be set aside, and the account be referred to an auditor, to be correctly stated, and for general relief. The petition was verified by the plaintiff's affidavit. The Court heard the evidence, and made an order overruling the motion to enter the award as the judgment of the Court, and condemning the defendant to pay the costs of the motion, and both parties to pay the balance of the costs equally. Writ of error by the defendant.

Payne v. Metz.

*G. W. Smith,* for plaintiff in error. This being a proceeding under the Statute of Arbitration, (Hart. Dig. Art. 7 to 15, inclusive,) and the provisions of the law having been strictly complied with, the right of appeal being excluded, it is contended that the award of the arbitrators ought to have been entered up as the judgment of the Court. (Officiers v. Dirks, 2 Tex. R. 461 ; Owens v. Withee, 3 Tex. R. 161 ; Cox v. Giddings, 9 Tex. R. 44 ; Hall v. Little, 11 Tex. R. 404.)

The Court erred in permitting the defendant to introduce evidence to controvert the award. It cannot be questioned, but that the jurisdiction of the District Court was completely divested by the action of the parties in resorting to a domestic tribunal for the adjudication of their rights. The District Court cannot go behind an award if the proceedings have been in conformity with the statute. The law is imperative, that where an award is filed "a judgment shall be entered thereon at the first regular Term of the Court thereafter." (Hart. Dig. Art. 13.) No discretion is left to the Court in its action, and the award is an obstacle to any further proceedings. (Cox. v. Giddings, 9 Tex. R. 44.) " Courts of Equity formerly exercised a larger jurisdiction in matters of awards," " but by means of statutes the jurisdiction has become greatly narrowed and is now of rare occurrence." (Story's Equity, 2 vol. Ch. XL, Sec. 1450.)

How completely the jurisdiction of the District Court is ousted by an award made pursuant to the statute, will be seen by reference to the construction of the Stat. 9 and 10, Will. III, Cha. 15. Bac. Abr. ARBITRAMENT AND AWARD, B; 2 Story's Equity, Sec. 1450, note.) In the last cited authority is the opinion of Lord Chancellor Brougham, in reference to the English statute, in which he says " that the statute is undoubtedly repealed in its most express provisions, if the jurisdiction continues to reside in this Court after the parties have resorted elsewhere under the statute." A party will not be permitted to come into Court, and say that Judges of his own choosing have not done him justice.

But though the jurisdiction of the Court be divested by the resort of the parties to an extraordinary tribunal, if the award should have been obtained by corruption or undue practice, the injured party is not remediless. (Jones v. Frosh, 6 Tex. R. 202.) But he will not surely be permitted, on the filing of an award, to surprise his opponent by attempting to controvert the judgment of Judges of his own selection, in whose discretion, ability and intelligence both parties had apparently placed implicit confidence.

*Jones & Ballinger*, for defendant in error.

WHEELER, J. The appellant did not controvert the allegations of the appellee, charging the commission of gross mistakes on the part of the arbitrators, and flagrant injustice and iniquity in the award. He insisted on having the award made the judgment of the Court, not because it was not as inequitable, unjust and iniquitous as it was charged to be, but simply because it was the award of the arbitrators, and the parties, confiding in their integrity, impartiality and intelligence, as the Judges of their own choice, had not reserved in their submission the right of appeal, but had expressly waived it. But though no appeal was reserved, and though the right of appeal was expressly waived, that was not a waiver of the right to have an award which should be free from the just imputation of fraud, partiality or flagrant injustice and wrong. Nor does the fact that the arbitrators were the Judges of the parties own choosing, imply their release from the obligation to act in accordance with the dictates of common honesty and ordinary intelligence in making up their award ; or a waiver by the parties of their right to object to an award which should be the result of a disregard of that obligation, or which by reason of the partiality, ignorance, inattention, or folly of the arbitrators, should have the effect to operate a manifest wrong and injustice to a party to the award. The Judge who tried this cause, was also the Judge of the par-

ties own choosing. He had not been placed over them, to usurp the adjudication of their rights without their consent, by an arbitrary and irresistible power ; but had been chosen by their own free suffrage ; and adjudicated the case which they voluntarily brought before him. Yet that did not deprive them of the right to question the correctness of his judgment.

The Court could not revise the decision of the arbitrators, as upon appeal, it is true ; but, as a Court of Equity, could interpose its power of preventive justice, to arrest the commission of flagrant wrong ; and could set aside the award, for the causes which, according to the well settled principles which govern a Court of Chancery in such cases, would warrant and require the setting aside of an award. The application was made in the proper manner by petition, and was in due and proper time. If the party aggrieved had acquiesced in permitting the award to be made the judgment of the Court without objection, it could only have been questioned for the causes for which any other judgment of the Court may be impeached. (Jones v. Frosh, 6 Tex. R. 202.) But not having been made the judgment of the Court, it could be impeached for the causes which in a Court of Chancery are held to be sufficient for such purpose. An award of arbitrators, under a submission in pursuance of the statute, is still but an award, until it is made the judgment of the Court. And it derives no additional sanctity from the fact that the statute has prescribed no mode by which it may be impeached. If such mode was provided as in the statute of 9th and 10th Will. III, Ch. 15, upon which Lord Brougham was commenting when he made the observations quoted by counsel for the appellant, (2 Story's Eq. Sec. 1450, note,) that might be a good reason why the Court should not interpose in any other than the prescribed mode. But the absence of any such provision in our statute affords a cogent reason why a Court of Equity should interpose, there being no other remedy, to prevent abuses which might otherwise corrupt or pervert the administration of justice. When the injured party is thus left wholly without any remedy, however great

the wrong and injustice which may have been done him, the Court must interpose its equitable powers for his relief, or it would cease to answer the beneficial purposes for which it was constituted a Court of Equity.

But the Court should interpose in this class of cases with great caution ; and never, except in a case of urgent necessity, to prevent the consummation of a fraud, or some great and manifest wrong and injustice. It is not every error or mistake of law or fact, which will warrant the setting aside of an award. If it were, there would be but few awards made which would stand the test of judicial investigation ; for they are most frequently made by men not learned in the law, nor skilled in judicial proceedings. And if they could be questioned on slight grounds or for trivial errors, there would be few which would not become the subjects of judicial investigation ; for the cases will be rare indeed, in which the award, however equitable and just, will prove perfectly satisfactory to all parties. The law therefore requires, that, to authorize the interference of a Court of Equity in the case of awards, there must appear to have been fraud or partiality, misconduct or gross mistake committed on the part of the arbitrators, to the manifest injury of the party complaining. (2 Story's Eq. title "Award," and notes ; Nox v. Symmonds, 1 Vesey, Jr. 369.) Where such a case is made out, the Court should not, as in this case, simply refuse to make the award the judgment of the Court ; but should set it aside. And if the case is one proper for judicial cognizance, having obtained jurisdiction, should proceed to a final adjudication and settlement of the rights of the parties. If, in this case, the evidence was sufficient to warrant the Court in refusing to give judgment upon the award, it was sufficient to require the setting of it aside altogether. And we are of opinion that the evidence adduced and offered, if unimpeached and undisputed, was sufficient for that purpose. It showed that the arbitrators very greatly mistook, or misunderstood, not only the rights of the parties and their duty, but the obvious effect and consequence of their award. Yet it may be, that

Payne v. Metz.

the defendant, if his counsel had not relied with such implicit confidence on the conclusiveness and finality of the award—regarding it as an impregnable fortress of defence, and shield to protect, in the enjoyment of the rights accorded by it, however unjustly, against any assault, however impelled by the demands of justice, or a sense of right denied and justice outraged, and any appeal to the equitable powers of the Court—might, perhaps, have controverted successfully the case made by the plaintiff. And as the practice under the statute in such cases had not been settled by any decision of this Court, we shall not make a determination here which will preclude or prejudice the assertion of that right; but shall remand the case, with the privilege to the defendant of making such issue or issues as he may see proper upon the averments of the petition. And if he shall not be able successfully to controvert and repel the charges made in the petition, and they be established by proof, the award will be set aside, and the Court will proceed to make such further orders, and final disposition respecting the matters in controversy, as shall comport with the rights of the parties as they may be presented, and the equity of the case. And because the Court did not proceed to set aside the award, and thereby afford an opportunity to the parties to litigate their respective claims, the judgment is reversed and the cause remanded.

Reversed and remanded.