Opinion by
Will-son, J.
§ 349. Arbitration; common law award; rules as to; case stated. This was a suit to recover damages for injury to merchandise while in transit on appellant’s road. Appellee recovered judgment for $125. It was pleaded and proved by appellant, that, before the institution of the suit, the matter in controversy had been submitted to arbitration; that each party had selected an arbitrator, and that these arbitrators, after examination of the merchandise, awarded appellee $41 as his damages. Appellee, at the time of the award, claimed that he was entitled to more than this sum, and that the arbitrators had ovei-looked some of his damages; he stated, however, that if appellant would pay the sum awarded in ten days from that time, he would accept it. While the arbitrators were examining the damaged merchandise, appellee, who was pointing the same out to them, being unwilling to lose time from his other business, left the arbitrators to continue the examination without his assistance, telling them to go on with the examination and make up the *304 amount that they, thought he was damaged. The court, although requested to do so by appellant, did not instruct the jury as to the legal effect of this award, but ignored it entirely in its charge. Held, the award was a common law award. There is no pretense that it is invalidated by any fraud, gross mistake or irregularities. Both parties agreed to, and did, submit the matters in controversy between them to chosen arbitrators, and these arbitrators proceeded to examine into and determine the matters thus submitted. Awards of arbitrators are regarded with peculiar favor by the law, and nothing will be presumed against them. [Green v. Franklin, 1 Tex. 497.] In the absence of fraud, mistake or misconduct, the award will be held final and conclusive as to all matters which were embraced in the arbitration agreement. [6 Wait’s Act. & Def. p. 550, § 24.] And where the matter in controversy is submitted to, and passed upon by, the arbitrators, and a valid award is made, it is a bar to any action upon the original cause of action. It may be pleaded in bar of an action to recover upon the original demand, although not performed, because the plaintiff’s remedy only exists upon the award. [Id.] It is questionable, perhaps, whether, in a suit brought upon the original demand, where a valid award is pleaded in bar, the plaintiff can in that suit recover upon the award. It would seem, to allow him to do this, would be to allow him to recover upon a cause of action which he had not declared upon, in violation of a well settled rule of pleading. [Merritt v. Merritt, 11 Ill. 565.] But such a recovery seems to have been sanctioned by the supreme court of this state. [Rector v. Hunter, 15 Tex. 380.] Conceding that appellee was entitled to recover anything in this . action, he was not entitled to recover more than the amount of the award. He did not revoke his submission to arbitration. After an award is made, neither party can revoke it without the consent of the other. [6 Wait’s Act. & Def. p. 516, § 6.] If the arbitrators overlooked any-items of damage to which appellee was entitled, it *305 was attributable, apparently, to his own carelessness in not calling the same to their attention, and he cannot be heard to. complain of an injury resulting from his own .negligence. [Rector v. Hunter, 15 Tex. 380.]
October 18, 1884.
§ 350. Argument of counsel. The argument of counsel should be confined strictly to the evidence adduced on the trial, and the argument of opposing counsel. [Rule 39 for District Courts; W. & W. Con. Rep. § 1001; Willis Bros. v. McNeill, 57 Tex. 475; R. R. Co. v. Jarrell, 60 Tex. 267.] Counsel should be careful to observe this rule, and the trial courts should be prompt and rigid in its enforcement.
Reversed and remanded.