# SECOND DISTRICT, MARCH, 1893.

## J. K. Bowden v. S. M. Crow.

### No. 739.

1. **Award—Pleadings Necessary to Avoid.**—Where it is sought to set aside an award by arbitrators on the grounds of fraud, partiality, or mistake, general allegations are not sufficient, but the facts constituting the objection must be specifically averred, and they must be such as would be sufficient to vacate it when impeached in a court of equity.

2. **Same—Evidence Requisite to Vacate Award.**—Charges of fraud, partiality, and mistake in making an award are not sustained by evidence relating to the merits of the controversy between the parties as though no award had been made, and which fails to show fraud or partiality by the arbitrators, or any mistake of fact by them of a material character.

3. **Same—Practice—Issues.**—In a proceeding to set aside an award the entire controversy should be submitted to the jury, under proper instructions—the grounds for vacating the award, and also the merits of the case.  If the jury

find that the award should not be set aside, they proceed no further; otherwise, they pass upon the merits of the case.

**4. Charge of Court — Instructions Must be Requested, When.—** Complaint of the general way in which the court submitted the issues to the jury is not available on appeal where the complaining party failed to request appropriate instructions.

Appeal from the County Court of Parker.    Tried below before Hon. I. N. Roach.

*Albert Stevenson*, for appellant.— 1.   Plaintiff's petition was bad on its face, and the defendant's exceptions should have been sustained.   Green v. Franklin, 1 Texas, 497; Forshey v. Railway, 16 Texas, 516; McHugh v. Peck, 29 Texas, 141; Alexander v. Mulhall, 1 Posey's U. C., 764; Rev. Stats., arts. 42, 49–51.

2.   No right of appeal having been reserved, the award had the force of a final adjudication, and concluded the parties from further litigation of the same matters, and was not a mere experiment.   McHugh v. Peck, 29 Texas, 150.

*Richards & Culwell* and *Graham & Davis*, for appellee.— 1.   Plaintiff's petition set forth good and sufficient grounds for setting aside the award.   Forshey v. Railway, 16 Texas, 516; Aycock v. Doty, 1 W. & W. C. C., 221–223.

2.   Defendant did not call the attention of the court to omissions in the charge, and ask instructions covering the defects.   Robinson v. Varnell, 16 Texas, 382; Railway v. Casey, 52 Texas, 112; Railway v. Dunlavy, 56 Texas, 256.

3.   An award made by partial arbitrators, and which is unjust and outside of the powers conferred in the agreement to arbitrate, should be rejected by the court.   Hankle v. Harris, 34 Mo. App., 223; Hashugu v. Ins. Co., 62 Mich., 144; Doane College v. Lanham, 42 N. W. Rep., 405; Robinson v. Shanks, 118 Ind., 125.

Head, Associate Justice.—In December, 1883, appellant sold to appellee 160 acres of land in Parker County, for which appellee agreed to pay $1400, paying $400 cash, and executing his two notes for $500 each, secured by vendor's lien.   Appellee, not having paid said notes in full, left the place on January 1, 1888, and appellant, with the consent of appellee, took possession of the same and held such possession during the years 1888 and 1889.   In 1889 appellee returned and demanded possession of the place, and instituted suit of forcible entry and detainer to recover same.   On the 21st of April, 1889, appellant and appellee filed in the County Court of said county an agreement under the statute to arbitrate the matters in controversy between them, a part of which agreement is as follows:

" Whereas, heretofore J. K. Bowden sold a certain farm in said county to S. M. Crow, containing 160 acres, vendor's lien notes being executed by said Crow, and that as a substitute for said notes said Crow gave, on January 1, 1887, his note for $854, bearing interest from date; and whereas, J. K. Bowden, with the consent of S. M. Crow, went into possession of said farm January 1, 1888, and now holds the same; and whereas, said Crow has sued for possession; now, therefore, we hereby agree that the matters herein after mentioned shall be submitted to arbitration, to-wit:

" 1. How much rent shall J. K. Bowden pay to S. M. Crow for the use of said land as rents from January 1, 1888, to date?

" 2. How much shall S. M. Crow pay J. K. Bowden for improvements made on said land since January 1, 1888?

" 3. How much is due by S. M. Crow as principal and interest on said $854 note?

" 4. How much interest is due to S. M. Crow on rents on said lands held by J. K. Bowden for the years 1888 and 1889?"

It was also stipulated in the agreement for arbitration, that upon filing the report of the arbitrators with the county clerk the forcible entry and detainer case should be dismissed, and that Crow should save Bowden harmless on the $854 note, which had been deposited with the Corsicana Loan Agency as collateral security. W. R. McCreary was named as one of the arbitrators by Crow, and N. M. Dennis by Bowden. The two arbitrators thus selected, having heard the evidence and failing to agree, an umpire was named by the clerk in compliance with the statute, and the three thus selected again heard the evidence, and on July 18, 1890, filed the following award:

"*S. M. Crow v. J. K. Bowden.*—Matter of Arbitration. July 18, 1890. The undersigned N. M. Dennis, one of the arbitrators chosen herein, and the undersigned Henry Ward, umpire selected by the clerk of the County Court of Parker County (the arbitrators, N. M. Dennis and W. R. McCreary, having failed to agree), after hearing the evidence and argument of counsel, make the following award, the said W. R. McCreary, after full hearing by him, failing to agree with us, to-wit:

" We find S. M. Crow is due J. K. Bowden:

| | | |
|---|---:|---:|
| As principal and interest on $854 note, after credit of $728 note, | $433 | 44 |
| Hauling rock eight days, two men, two horses, and wagon.... | 20 | 00 |
| Putting up chimneys 30 feet......... ..................... | 30 | 00 |
| Building and repairing cribs............................... | 20 | 00 |
| Building side room to house............................... | 20 | 00 |
| Grubbing 15 acres at $10 per acre.......................... | 150 | 00 |
| Grubbing 30 acres of shrubbed land..:..................... | 60 | 00 |
| | **$733** | **44** |

" We find credits in favor of S. M. Crow as follows:

Interest on $700 for 24 months........................................ $140 00

" We find, therefore, that the said S. M. Crow is due and shall pay the said J. K. Bowden the sum of $593.44, and the same shall be paid within five days from and after the filing of this award.

" Henry Ward, Umpire.

" N. M. Dennis, Arbitrator.

" I think the above award is too high and illegal, and I hereby dissent therefrom.

" W. R. McCreary.

" Filed July 18, 1890.

" B. W. Akard,

" County Clerk Parker County, Texas."

Appellee being dissatisfied with this award, on October 20, 1890, filed his amended petition, objecting to its being made the judgment of the court, charging in general terms that the arbitrators in making the same were actuated by gross partiality, fraud, and mistake, and also alleging that the items of $20 for hauling rock, and $150 and $60 for grubbing, did not come within the terms of the submission. He also contended that the first and fourth questions submitted to the arbitrators had been ignored by them.

Appellant filed general and special exceptions to the plea of appellee attacking this award. The special exception objected to the general terms in which the alleged fraud, partiality, and mistake were charged, and we are of opinion that this exception should have been sustained. It is well settled in this State, that where it is sought to set aside an award by arbitrators on the grounds above set forth, the facts constituting the objection to the award must be specifically averred; and in order to prevent the award from being made the judgment of the court in compliance with the agreement, it is necessary that the facts alleged be sufficient to vacate it when impeached in a court of equity. The principles governing such cases are so well settled by repeated decisions in this State, that it would be a useless consumption of time for us to undertake to review them. Payne v. Metz, 14 Texas, 56; Forshey v. Railway, 16 Texas, 532; McHugh v. Peck, 29 Texas, 150; Alexander v. Mulhall, 1 Posey's U. C., 764.

We are also of opinion, that appellant's assignment challenging the sufficiency of the evidence to set aside this award is well taken. We find no evidence whatever in the record to sustain the charge of fraud and partiality made against these arbitrators, and if any mistake was made by them, so far as this record discloses, it must be classed as a mistake of judgment and not of fact. The evidence introduced by the appellee in support of the charges made by him seems to relate almost entirely to the merits of

the controversy between the parties, as though no award had been made, and no attempt seems to have been made by him to show that these men had any prejudice against him or partiality for his adversary.

That the first and fourth items contained in the agreement for submission were not overlooked by the arbitrators, but that full evidence was heard thereon, is made clear by all the witnesses, including the arbitrator selected by appellee; and upon such hearing a majority of the arbitrators decided that appellee was not entitled to rent for the years 1888 and 1889, but in a spirit of liberality they decided to allow him credit for $140, interest that had been paid by appellant, in lieu of such rent. Certainly the allowance of this sum, when the arbitrators were of the opinion that appellee was entitled to nothing, furnishes no ground of complaint to him, unless their action in failing to allow him rent was erroneous, and as to whether or not such rent should have been allowed was decided by them against appellee after hearing the evidence, in which there was a sharp conflict.

We are also of opinion that the items of $20 for hauling rock, $150 for grubbing 15 acres of land at $10 per acre, and $60 for grubbing 30 acres of shrubbed land, were properly considered by the arbitrators as coming within the meaning of improvements made on the land, as submitted by the second clause of the agreement. The $20 item was evidently for hauling rock to be used in building the chimneys; and while it might have been technically more correct for the arbitrators to have valued the chimneys at $50 after they were completed, instead of itemizing the cost at $20 for hauling the rock and $30 for putting it up, yet there was no substantial ground of complaint if they preferred the latter course.

We also believe that the cost of putting wild land in cultivation is generally classed under the head of improvements in actions of trespass to try title, and we see no good reason why the same rule should not apply in this case. Certainly it would not be equitable to require one, under the circumstances of this case, to expend more in putting timber land in cultivation than the value of the land itself, and receive no compensation therefor.

It seems that upon the trial of the case in the court below, the jury were impanelled and the evidence submitted upon the whole case, and the court first passed upon the issues as to whether or not the award of the arbitrators should be made the judgment of the court or should be set aside, and the issues upon the merits of the controversy were then submitted to the jury upon the evidence; and it must be conceded that there is an expression in the syllabus to the case of Shulte v. Hoffman, 18 Texas, 678, which would indicate it to be the correct practice for the court to decide the issues of fact raised upon objections to receiving an award; but we are of opinion that the practice which should be adopted

in such cases is that which obtains in an equitable proceeding to set aside a judgment subsequent to the term at which it was rendered.

The grounds for vacating an award by arbitrators are quite similar to those for setting aside a verdict of a jury or a judgment of a court; and in this class of cases the practice is now quite well settled to be, that when complaint is made of a verdict or judgment after the conclusion of the term, the complainant must set forth the facts of his case, as well as the grounds upon which he seeks to set aside the judgment, and the whole case is decided by the jury under proper instructions from the court. If the jury find that the judgment should be set aside, they at the same time pass upon the merits of the case; but if they find that the judgment should not be vacated, they proceed no further. Taylor, Knapp & Co. v. Fore, 42 Texas, 256; Roller v. Wooldridge, 46 Texas, 485; Overton v. Blum, 50 Texas, 417; Raymond v. Conger, 51 Texas, 536; O'Neill v. Brown, 61 Texas, 34. We think the charges of fraud and partiality on the part of the arbitrators are questions which should be passed upon by the jury under appropriate instructions from the court, as well as the questions involving the merits of the controversy.

Appellant complains of the general way in which the court below submitted the issues to the jury on the merits of the case. We are of opinion that the charge of the court in such cases should be as full upon all the issues as in other cases tried before it, but if the court fails to give a proper charge the complaining party should request appropriate instructions.

Upon the whole case, we are of opinion that the judgment of the court below should be reversed and the cause remanded for a new trial in accordance herewith.

*Reversed and remanded.*

Delivered March 2, 1893.