### J. M. Sanders et al. v. R. E. Newton et al.

Decided October 30, 1909.

**Arbitration—Award Conclusive.**

Upon the termination of a partnership the differences of the partners as to their rights growing out of the partnership were submitted by the partners to a common law arbitration, and upon rendition of an award the partners against whom it was rendered complied with the same by paying to the other partners the amount of money awarded to them; thereafter the losing partners brought suit against the other partners for an accounting of the partnership matters and for a balance alleged to be due the plaintiffs and appropriated by the defendants, held;

(a) Awards by arbitrators chosen by parties to a controversy are regarded with favor in law and, in the absence of fraud, mistake or misconduct, are final and conclusive as to all matters embraced in the agreement, and are a bar to a subsequent suit upon the same matters.

(b) Although the arbitrators may have erred in their decision, that would furnish no reason for vacating the award if the error was an honest one.

(c) The fact that by a rule of procedure adopted by the arbitrators the parties to the controversy were not allowed to be present when other witnesses were examined, would not be cause for vacating the award when the parties were informed of the rule at the outset and acquiesced therein.

Appeal from the District Court of Denton County. Tried below before Hon. Clem B. Potter.

*Hopkins & Milliken,* for appellants.—A valid arbitration and award can only be set aside on the ground of fraud, gross mistake or partiality on the part of the arbitrators. The burden of proof to establish either ground is upon the party seeking to set aside the award, and it can only be done where the fraud or mistake is open and palpable and can be discovered and ascertained from the award, without the neces-

sity of extrinsic proof. Bowden v. Crow, 21 S. W., 612; Forshey v. Galveston, H. & H. R. R. Co., 16 Texas, 522; McHugh v. Peck, 29 Texas, 150; Elder v. McLane, 60 Texas, 386; Niagara F. Ins. Co. v. Boon, 88 S. W., 915; 6 Waits' Actions & Defenses, 530; Cobb v. Dortch, 52 Ga., 548; Parker v. Parker, 103 Mass., 167; White Star Min. Co. v. Hultberg, 77 N. E., 327; Billmyer v. Hamburg-Bremen F. Ins. Co., 49 S. E., 901; Boston Water P. Co. v. Gray, 6 Metc. (Mass.), 131; Clark v. Burt, 4 Cush. (Mass.), 396; Chapman v. Ewing, 78 Ala., 403.

A party to an arbitration who, knowing the rules adopted by the arbitrators for the government of their deliberations, and who, after he is acquainted with these facts, submits his cause to said arbitrators under said rules, can not repudiate the award of the arbitrators on this ground, for he will by his conduct be estopped from setting up as a ground to set said award aside the adoption of the objectionable rules. McHugh v. Peck, 29 Texas, 145; Snow v. Walker, 42 Texas, 154; Downing v. Lee, 73 S. W., 721; Gardner v. Newman, 135 Ala., 522; Hoogs v. Morse, 31 Cal., 128; Willingham v. Harel, 30 Ala., 583; Prescott v. Patterson, 14 N. W., 571; Christian v. Moran, 90 Penn. St., 487; 6 Waits' Action & Defenses, 519.

Where an arbitration is willingly entered into and the same is afterwards affirmed by the parties thereto by the exchange of property or the compliance with the terms of the award, said award can not be set aside on the motion of either party to said arbitration. Aycock v. Doty, 1 W. & W., sec. 221; Hurst v. Funston, 91 S. W., 319; McHugh v. Peck, 29 Texas, 145; Hegan v. Beckley, 105 S. W., 969; Harrell v. Terrell, 54 S. E., 116; Stone v. Baldwin, 127 Ill. App., 563.

*Bottorff & Gambill* and *Fred M. Bottorff*, for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—In August, 1904, Newton Brothers entered into a partnership contract with Pinckard and Sanders to engage in the business of ginning cotton for hire. This partnership was terminated in 1907, and, in an attempt to settle accounts between the partners, differences having arisen as to the respective interests of Newton Brothers of the one part and Pinckard and Sanders of the other, the parties agreed to an arbitration of those differences. Thomas McGalliard and R. E. Holloway were selected as arbitrators, and the parties agreed in writing to abide the decision of the arbitrators. The two arbitrators so chosen by the parties selected W. C. Dixon to assist them, and this selection was acquiesced in by the parties. After hearing testimony this committee made a written report in effect that Newton Brothers were indebted to Pinckard and Sanders in the sum of two hundred and fifty-one dollars. As soon as this decision was announced R. E. Newton paid to Sanders the amount due as shown by the decision. Afterwards Newton Brothers instituted this suit for an accounting between them and Pinckard and Sanders and to recover twenty-five hundred dollars, which plaintiffs alleged was the amount due them out of profits realized from the partnership venture and appropriated by the defendants.

As a bar to plaintiffs' right to recover, in addition to a general de-

nial, defendants pleaded the agreement to arbitrate, the decision of the arbitrators and plaintiffs' ratification of the award by payment of the amount awarded to defendants. By supplemental petition plaintiffs attacked the award of the arbitrators upon numerous grounds, to wit, that in making the award the arbitrators acted fraudulently and with partiality to defendants, or through a gross mistake, or that they were induced to render their decision by fraud practiced upon them by defendants; and upon the further ground that the parties to the agreement were by the arbitrators denied the privilege of being present while other witnesses were being examined and were thereby deprived of the right of cross-examination of such witnesses. Plaintiffs also pleaded that they had complied with the decision of the arbitrators through a gross misunderstanding thereof on the part of R. E. Newton. All the issues presented by the pleadings as shown above were submitted to the jury. A verdict was returned in favor of the plaintiffs for fourteen hundred dollars, but a remittitur of seven hundred dollars of this amount was entered of record, and from a judgment for the balance defendants have appealed.

After a careful examination of the record we fail to find any evidence tending to prove that the arbitrators acted fraudulently or through mistake, or that in their decision they were actuated by a spirit of partiality towards any of the parties to the agreement. The testimony of the parties upon the issues which were included in their agreement to arbitrate seems sharply conflicting, but the parties were before the arbitrators, and it does not appear that they were denied the right to testify in full upon all matters of difference. Although the jury found a verdict upon the merits of the controversy at variance with the award, and although the arbitrators may have erred in their decision, that would furnish no reason for substituting the judgment of the court for that of the arbitrators if the error was an honest mistake. (Morse on Arbitration and Award, 293-299; 3 Cyc., 736-37, and also cases cited in 4 Cent. Dig., columns 400-401.) And in the absence of proof of gross and palpable error in the award, such charges of fraud on the part of the arbitrators are not sustained by evidence relating to the merits of the controversy decided. (Bowden v. Crow, 2 Texas Civ. App., 591.) Nor have we been able to discover any testimony in the record tending to show that any fraud was practiced upon the arbitrators by Pinckard or Sanders to induce them to render the decision that was rendered. The arbitrators adopted as a rule of procedure that neither party to the controversy should be present while any other witness was testifying, but the evidence conclusively shows that the parties were informed of this rule at the outset and that they acquiesced in it, and thereafter proceeded with the submission of their respective claims. If such action would ordinarily constitute a valid ground to vacate the award, we think plaintiffs' right to complain was clearly waived. (McHugh v. Peck, 29 Texas, 145, 3 Cyc., 637.) Awards by arbitrators chosen by parties to a controversy are regarded with favor in law, and in the absence of fraud, mistake or misconduct, are final and conclusive as to all matters embraced in the agreement. (Green v. Franklin, 1 Texas, 497; Houston & T. C. Ry.

v. Newman, 2 Texas App. Civ. Cases, 349; Dockery v. Randolph, 30 S. W., 271, 3 Cyc., 808.)

The record being as above indicated, the jury should have been instructed to return a verdict in favor of the defendants. This renders it unnecessary to consider other questions presented by appellants in their brief. The judgment of the trial court is therefore reversed and judgment here rendered in favor of appellants.

*Reversed and rendered.*

Writ of error refused to appellee.