## PANHANDLE GRAIN & ELEVATOR CO. v. DORSEY. (No. 6758.)

(Court of Civil Appeals of Texas. San An-tonio. May 24, 1922. Rehearing Denied June 21, 1922.)

1. **Arbitration and award ⟨⟩82(1)—Agreement to arbitrate according to justice and equity ir-respective of technical rules of law·held bind-ing.**

A seller of cane seed to be delivered in sound, strong bags committed a breach of the contract by including a part of the shipment in bags which did not comply with the contract, and the sacks were not tagged as required by statute. The buyer rejected the entire ship-ment. Both parties were members of a grain dealers' association, the constitution and by-laws of which provided that the members would submit differences arising between them to an arbitration committee whose award should be according to "justice and equity." *Held* that while under the technical rule of law the buy-er was entitled to rescind, he was bound by the award, the breach of the contract being unin-tentional, and the seller having made a timely offer to resack the shipment in bags conform-ing to the contract, and there being no evi-dence of partiality, fraud, or misconduct on the part of the arbitrators.

2. **Appeal and error ⟨⟩1079 — Assignments must be briefed in accordance with court rules.**

Assignments and propositions of law may be regarded as waived, where not briefed as contemplated by law and court rules.

3. **Arbitration and award ⟨⟩85(1)—Action on award may be brought by person to whom award is made payable.**

A provision in the constitution and by-laws of a grain dealers' association, to the effect that members of the association should sub-mit their differences to an arbitration commit-tee, and that the award of such committee should be paid to the secretary of the associa-tion, impliedly authorized such secretary to bring suit for the collection of the award.

4. **Appeal and error ⟨⟩759—Assignments of error not properly briefed.**

Where assignments of error are placed at the back of the brief and the propositions in

the front thereof, the intermediate matter denominated "points," but which does not refer to the assignments or propositions, and which does not show that the assignments of error are contained in the transcript, or that the questions raised were presented to the court below, and, where the statements under such points do not set forth written instruments involved in the controversy except as to occasional references to portions of such instruments, *held* that there is no proper briefing as required by the rules.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by. H. B. Dorsey against the Panhandle Grain & Elevator Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Kimbrough, Underwood, Jackson & Simpson, of Amarillo, and Slay, Simon, Smith & Morris, of Fort Worth, for appellant.

Bryan, Stone & Wade and B. L. Agerton, all of Forth Worth, for appellee.

SMITH, J. The Panhandle Grain & Elevator Company, a corporation, purchased from Roberts Bros., a partnership, 10,000 pounds of cane seed, to be delivered at Amarillo in "sound, strong bags." The company rejected the shipment upon its arrival, however, upon the ground that it was not sacked as stipulated in the contract, or marked as required by law. Roberts Bros. at once offered to resack such of the seed as required it, and protect the company against loss on account of the alleged default, although denying that it had breached the contract. The company refused this offer and rejected the shipment, thus throwing the seed back on Roberts Bros., who were forced to resell on a declining market, suffering a loss of nearly $8,000 from the contract price. Both parties being members of the Texas Grain Dealers' Association, Roberts Bros. filed a claim through that association against the Grain & Elevator Company, and a written agreement was entered into by the parties to arbitrate their dispute before the arbitration committee of the Grain Dealers' Association, as provided in the latter's constitution and by-laws. The time and place of the hearing was set, notice was given, the parties filed elaborate pleadings, assembled and filed their documentary evidence, and appeared and presented their evidence and arguments, Roberts Bros. being represented by a member of their firm, and the Grain & Elevator Company by J. D. Hunter, its president and general manager. The hearing resulted in an award in favor of Roberts Bros. for substantially the amount of their claim. The Grain & Elevator Company asked for and obtained a rehearing, but the committee affirmed the original award. The company had the right to appeal to the executive committee of the Grain Dealers' Association, but did not avail itself of this

right, and thus the award became final. By the terms of the arbitration agreement, the award was made payable to H. B. Dorsey, secretary of the association, at Forth Worth, but the company ignored his demand for payment, and he brought suit thereon in one of the Tarrant county district courts and there recovered.

[1] The record presents a simple case in which the parties to a controversy entered into a written agreement to submit their differences to arbitration before a board of three disinterested men, selected by the parties in advance and named in the agreement, who were to conduct the proceedings under clearly specified rules, and whose finding was by the agreement to become final and conclusive upon the parties. The record very clearly shows that the prescribed procedure was closely followed by the board, that both parties entered and participated fully in the whole proceeding, were given all the time agreed upon and asked for by them, were permitted to introduce all the testimony they had or indicated they could secure, and were given every opportunity to present their respective contentions without let or hindrance. At no time before, during, or subsequent to the proceeding did appellant make any objection to the personnel of the board it had agreed upon, or to the manner in which the case was heard, considered, and decided. But after this suit was filed to enforce the award, and when it was compelled to answer, appellant contested it, claiming, for the first time, that its claim was submitted to arbitration by its president without any authority from the corporation, that the award was grossly erroneous in fact as well as in law, that the arbitrators were partial to its adversary, and that the procedure and award of the board were rendered invalid by the presence and meddlesome interference of the secretary of the Grain Dealers' Association. If these charges had been supported by the evidence, the questions presented would have been entitled to much consideration. But a very careful review of the record discloses no testimony whatever to support either charge; the contrary was clearly shown.

Appellant contends that the award is based on the board's erroneous view of the law, and was contrary to the law, in that the evidence and the language of the award showed conclusively that Roberts Bros. breached their contract by shipping the seed in question in unsound and improperly tagged sacks, thereby breaching the contract. It is true that the evidence introduced in the arbitration proceedings, and upon this trial, was such as to support a finding to this effect, and that appellant was warranted in rejecting the shipment because of this breach. For the purpose of this discussion, it may be conceded that the fact of the

breach, warranting the rejection of the shipment, was conclusively shown. But it was shown, further, that upon discovery of the breach, which occurred through no negligence, and without the knowledge, of Roberts Bros.—or at least, the jury could properly so find—the latter offered in good faith to promptly resack the seed and protect appellant against loss in the transaction by reason of the breach of contract. Appellant, however, declined the offer, and rejected the entire shipment, thus forcing Roberts Bros. to resell on a declining market. This offer unquestionably created equities in favor of Roberts Bros., and although appellant may have been warranted, in a strictly legal, technical sense, in arbitrarily terminating the whole contract, the conduct of Roberts Bros. evidenced a good faith desire and purpose, coupled with the ability, to place appellant just where it would have been had there been no breach of contract. They sought to, and could, fully repair the damage they had unwittingly occasioned, and the circumstances seem to us to present an ideal cause for arbitration. Appellant must have so regarded it at the time, as it readily entered into the agreement to settle the controversy in that way.

We think that by entering and participating throughout in the arbitration, appellant yielded to the board the power to determine whether the rights and liabilities of the parties should be tested by the strict or technical terms of the contract, as construed by the letter of the law, or by the equities growing out of the transaction as evidenced by the circumstances surrounding it; that by submitting its claim to arbitration, thus avoiding the process of courts of law, it surrendered its right to have its cause tested by technical or legal rules, and sought relief in justice and equity, according to the interpretation of laymen of its own selection. Of course, if appellant desired to save its right to have its cause submitted, heard, and determined according to the rules of law, it could have done so by stipulation in the agreement to arbitrate. That was not done here; the stipulation provided that the award should be according to "justice and equity." Having elected to pursue this course, the finding of the arbitrators is conclusive upon appellant, in the total absence from the proceedings and award of partiality, fraud, misconduct, or manifest error. Under the terms of the submission, the arbitrators had the power to disregard any strict legal right or objection, and adjust the matters in dispute on the enlarged principles of justice and good conscience; for "where arbitrators, knowing what the law is, or leaving it entirely out of their consideration, make what they conceive under the circumstances of the case to be an equitable decision, it is no objection to the award that

in some particular point it is manifestly against the law." Edrington v. League, 1 Tex. 64; Green v. Franklin, 1 Tex. 497; Forshey v. Railway, 16 Tex. 516; Payne v. Metz, 14 Tex. 56. Upon this principle, it is immaterial if the record conclusively shows, and the arbitrators found, that Roberts Bros. breached their contract and appellant was warranted in terminating it, since the facts further showed, and the arbitrators found, that under all the circumstances equity and good conscience required appellant to accept Roberts Bros.' offer to make it whole. Upon the same principle, the arbitrators had the power to hold appellant responsible, even though Roberts Bros. did not tag the seed in the manner required by the statutes, which is doubtful. Edrington v. League, supra. "The cause had been removed from the forum established by law for the settlement of controverted rights. It was brought before judges selected by the parties who were directed to determine their disputes on principles of honor and justice between man and man," and it does not now lie in the mouth of either party to repudiate the judgment thus invited, and which was manifestly fair and just. Edrington v. League, supra.

[2, 3] It was provided in the agreement to arbitrate that the award should be paid to the secretary of the Grain Dealers' Association, in Tarrant county, for the benefit of the party to whom the award was made. This agreement fixed the venue in Tarrant county, where the suit was properly brought, and likewise authorized appellee, as such secretary, to bring the action. Appellant's contentions to the contrary are therefore overruled.

[4] Appellant has briefed none of its assignments of error or propositions of law, as such. The assignments are grouped at the extreme "back" of the brief, and the propositions well towards the "front," as provided by the current rules. But no reference is made to either assignments or propositions anywhere in the body of the brief, no statements, authorities, or arguments purport to relate thereto, and their presence in the brief serves no practical purpose whatever. If the assignments and propositions of law relate to each other, or if either relates to the record, the fact is in no manner disclosed by references. It is not even shown that the assignments of error are contained in the transcript, or that the questions raised in the brief were raised in the court below, or where or how they were raised. But appellant has briefed 11 "points," upon the theory, we assume, that these "points" take the place of the assignments and propositions, although their relationship thereto is in no manner shown by appropriate or other references. The statements under these points are not in compliance with the

letter or spirit of the rules, as we understand them; the points briefed bring into question the plea of privilege, the arbitration agreement and the award, but not one of these instruments is set out in the brief, although occasional references to isolated portions of them are scattered here and there in the argument. The assignments of error and propositions of law relate to the same matters, as well as to special issues submitted to the jury, to charges given and refused, to exceptions to pleadings, to evidence admitted or excluded, but the brief omits the plea of privilege, the controverting affidavit, the special issues, the jury's answers, the charges given and refused, the special exceptions and pleadings excepted to, the evidence admitted or excluded, and the objections overruled and sustained, as well as all rulings thereon. We think that although counsel for appellant have discussed the law of the case with marked ability, their assignments of error and propositions of law may well be regarded as having been waived because of the patent omission to brief them as contemplated by law and the rules of this court. We have nevertheless gone very carefully into the whole case, and considered the "points" presented. We overrule these points. We think the record as presented fails to show any error in the trial and that the judgment should be affirmed.

Affirmed.