**GULF INS. CO. OF DALLAS et al. v.
PAPPAS et al.**

No. 9329.

Court of Civil Appeals of Texas.
San Antonio.
April 25, 1934.

Rehearing Granted, Judgment Reformed and
Affirmed June 13, 1934.

Motion for Rehearing Overruled July 11,
1934.

Gibson & Blackshear, of Laredo, and T. M.
West and Nat L. Hardy, both of San Antonio,
for appellants.

Mann, Neel & Mann, of Laredo, for appellees.

SMITH, Justice.

The Pappas building in Laredo is a three-story brick structure, operated as an apartment house. It is owned by Santiago Pappas and mortgaged to Mrs. Ida Stephenson. It was insured against fire by several companies for an aggregate amount of $35,000. On May 15, 1932, while so insured, a fire occurred in the ground floor of the building and a disagreement arose between the insurers and the insured and mortgagee, as to the amount of the fire loss. Thereupon the parties submitted that question to arbitration under the following provision in the policies here sued on:

"In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage value, and, failing to agree shall submit their difference to the umpire, and the award in writing of any two shall determine the amount of such loss."

The appraisers, joined by the umpire, made an award of $3,741, which the companies tendered to the insured and mortgagee, who refused to accept the same, but brought suit directly upon the policies and recovered judgment for $12,000 with interest. The insurance companies have appealed.

Under the contract provision for arbitration appellees selected John M. Marriott, an experienced architect, as their appraiser, appellants selected G. B. Mitchell, a building contractor, and the two thus selected chose A. E. Rheiner, a building contractor, as umpire. The board thus created proceeded to inspect the property and estimate the losses and the cost of repairs and replacements, and made their report, which was unanimously arrived at, all as provided in the contract.

It is conceded by all the parties that the two appraisers and the umpire were and are competent and honest building contractors and architects, of long and varied experience, and that they acted fairly, impartially, and in good faith in making this award.

In their pleadings appellees alleged almost every conceivable ground of fraud on the part of the umpire and appraisers, including appellees' own nominee, but there was no effort to support those allegations by proof. It was conceded and proved by every fact and incident of the trial that the three arbitrators were men of the highest reputation, whose professional skill and ability and integrity had been established by more than a quarter of a century of probity, training, and experience. And, as stated, no question was made upon the trial or in the appeal of their utmost good faith in performing their duties as arbitrators. But the jury found that the arbitrators made a "mistake" which resulted in a grossly inadequate award. The judgment appealed from rests upon that finding.

Appellees abandoned all their pleaded theories in the case except their contention that

in arriving at their award the appraisers did not duly consider or give sufficient weight to the fact that "the fire caused a very material increase in the sag in the building in question," as stated in appellees' brief. Appellees contend that that increased sag made it necessary to completely reconstruct and replace the entire interior and roof of the building, and that the failure of the appraisers to so find and include such finding in their estimate "was the result of a mistaken conception and belief by the appraisers and umpire."

In this condition of the record the trial court submitted the following special issues to the jury, who answered each issue in the affirmative:

"1. Do you find from a preponderance of the evidence, that the appraisers and umpire failed to include in their estimate the entire cost of repairing or replacing with material of like kind and quality all of the direct loss or damage that resulted to the Pappas building from the fire in question? * * *

"2. Do you find from a preponderance of the evidence that such failure was the result of a mistake upon the part of the appraisers and umpire? * * *

"3. Do you find from a preponderance of the evidence that such failure resulted in the award of such appraisers and umpire being grossly inadequate?"

The undisputed testimony showed that a certain "sag" existed in the floors and roof of the building prior to and at the time of the fire, and that these sags were increased as a result of the fire. The estimates of the many expert witnesses varied as to the extent of the sags before and after the fire. The estimate as to the extent of the existing sag ranged from one-half inch to two inches, and the estimates of the increase ranged from a fraction of an inch to two inches. Appellee Pappas, the owner of the building, testified that there was a "little" sag before the fire, and a "great increase" after. Appellees' chief expert witness testified that the sag was two inches before the fire and that it was increased two inches by the fire. Appellees' nominee on the board of appraisers, and their witness as well, testified that the sag was from one-half to two inches before, and one to three inches after. The estimates of the other appraiser and the umpire were in substantial accord with the other witnesses. The evidence conclusively shows that the two appraisers and the umpire were fully cognizant of those sags. They knew the sags existed before the

fire, and that they were increased by the fire. And they took those facts into consideration in determining the amount of the fire loss and the cost of restoring the building to its original condition.

The true difference between appellees' theory and appellants' theory is that the former contend that in view of the sags mentioned the building could be restored and the fire loss compensated only by the complete reconstruction or replacement of the whole interior of the building, at a cost of approximately $12,000, whereas, in the judgment of the appraisers and umpire the loss could be compensated and the building restored to its original condition by reconstructing some parts and replacing other parts of the interior, at a cost of $3,741. The difference was purely one of opinion or judgment, and, in such case, the unanimous award of the appraisers and umpire arrived at deliberately and in good faith, in the absence of any evidence of fraud or accident or mistake which misled them into a finding not intended by them and not expressing their true attitude, will not be set aside by the courts.

The true question in such cases is, Were the appraisers laboring under a mistake of fact by which their award was made to operate in a way they did not intend? 2 R. C. L., p. 389 et seq., § 34 et seq.; 5 C. J. p. 179 et seq., § 462 et seq.; 24 Tex. Jur. 697, 1117, §§ 32, 296–303; note 47 L. R. A. (N. S.) 445; note 78 A. L. R. 904; Green v. Franklin, 1 Tex. 497; Payne v. Metz, 14 Tex. 60; Forshey v. Ry., 16 Tex. 516; Home Ins. Co. v. Walter (Tex. Civ. App.) 230 S. W. 723; Home Ins. Co. v. Ketchey (Tex. Civ. App.) 45 S.W.(2d) 352; Sanders v. Newton, 57 Tex. Civ. App. 319, 124 S. W. 482; Bowden v. Crow, 2 Tex. Civ. App. 591, 21 S. W. 612; Robbs v. Woolfolk (Tex. Civ. App.) 224 S. W. 232. There was no evidence, nor is any contention made here, that the appraisers and umpire were laboring under any such mistake. They knew exactly what they were doing, and upon the trial, with the whole case before them, they stood steadfastly by their award. In such case the courts will not substitute their own award for that of the appraisers.

The jury findings upon which the judgment was based are entirely beside the question and amount to nothing as a support of the judgment. The issue found by the jury, that the appraisers and umpire failed to include the total cost of replacing the whole interior of the building, was not in the case, in that the board of arbitration found from

a full consideration of the whole situation that the actual loss could be met by partial replacement and reconstruction, at a cost of $3,741, and that complete replacement and reconstruction at the enormous cost of $12,000 was not necessary to the restoration of the building, and therefore that the actual loss was not $12,000 but only $3,741. The appraisers were selected for the purpose of determining that very question, and it being conceded that they were fully competent, that they acted fairly and in good faith, and that the award was the result of their deliberate judgment, impartially arrived at, and operating as they intended it should, their action was binding alike upon the parties.

The judgment is reversed and the cause remanded.

### On Motion for Rehearing.

In their motion for rehearing appellees vigorously complain that this court did not, in the original opinion, discuss the testimony of certain lay witnesses, who were tenants in the damaged building at the time of the fire, and who, by the way, still occupy their quarters therein. Those witnesses testified, in effect, that the fire caused the floors to sag, and drew doors and other fixtures out of alignment. All those facts must be conceded, but the appraisers were aware of them and took them into consideration in appraising the loss.

Appellees contend that the appraisers were not aware of the precise degree of increase in the sags caused by the fire, and did not take that increase as seriously as they should have done in estimating the damages. There is no merit at all in this contention. The whole question is, Was it necessary, considering those sags and all other injuries, to replace the whole interior of the building in order to restore it to its prior condition, or could it be restored by repairing some parts of the interior and replacing other parts? It

was the deliberate judgment of the appraisers, conceded to be fully competent, honest, fair, and impartial, that notwithstanding the sags present after the fire and all other damages, the building could be restored by the repairs and replacements agreed upon by them, at a total cost of $3,741. This award represented the deliberate and unanimous judgment and opinion of the appraisers, who were selected by the parties on account of their peculiar skill, experience, and judgment in those very matters, and, as it is conceded, and conclusively established, that they were fully qualified and acted in good faith in accordance with their best and deliberate judgment, their award was binding alike upon the parties who selected them and obligated themselves to abide the award.

We conclude from a review of the record that there is no evidence in the case which does not fully sustain the presumption that the appraisers thoroughly, skillfully, accurately, honestly, and fairly appraised the damages sustained by appellees on account of the fire in question, and that the award made by them should be upheld. The books do not show a clearer case of an honest and fair award of competent appraisers, and if the award in this case can be set aside upon the showing made by appellees, then arbitration, which is and ought to be favored by the law, may be no longer resorted to as a means of averting troublesome and useless litigation.

Both parties agree and urge that the case is one for rendition rather than remand, conceding that it is fully developed and cannot be strengthened or clarified upon another trial. We concur in this appraisal of the record, and, in view of this attitude of all parties, it is ordered that the judgment appealed from be reformed so as to decree recovery in favor of appellees against appellants for the sum of $3,741, without interest, and, as so reformed, the judgment will be affirmed at the cost of appellees in all courts.