## PACIFIC AMERICAN FIRE UNDERWRITERS OF LIVERPOOL & LONDON & GLOBE INS. CO., Limited, v. ATKINSON et al.

### No. 9601.

Court of Civil Appeals of Texas.
San Antonio.

May 29, 1935.

Seabury, Taylor & Wagner, of Brownsville, for appellant.

Galbraith & Goodrich, of Brownsville, for appellees.

SMITH, Justice.

On September 4 and 5, 1933, the residence and garage of appellees, Geo. L. Atkinson and wife, in the city of San Benito, were damaged by storm, while insured by appellant insurance company against such damage. In accordance with a provision in the insurance policy, the parties being unable to agree upon the amount of the damage, submitted the controversy to two appraisers nominated, respectively, by the parties, and an umpire selected by the appraisers, as provided in the policy. The board of appraisers thus constituted inspected the property and fixed the amount of the damages at $497.40. Appellees, however, refused to acquiesce in the finding of the board, or accept the award made by them, when tendered by appellant, and brought this suit for actual damages, which they alleged aggregated the sum of $2,161.77. In response to jury findings that appellees' property was damaged in the sum of $1,800, judgment was rendered in their favor for that sum, and the insurance company has appealed.

■ Appellees having filed no brief in the case, we have adopted the case as stated in appellant's brief. Hall v. Carroll (Tex. Civ. App.) 67 S.W.(2d) 1068, and authorities there cited.

There is no question here as to the validity of the provision, in the insurance policy, for arbitration, nor of the regularity of the proceedings thereunder, or of the manner of selecting the arbitrators, or of their qualifications or suitability for the task assigned them. Appellees selected one of their friends as their appraiser, appellant selected its representative, and the two thus designated selected an umpire nominated by appellees' appraiser. The three men were contractors and builders of many years' successful experience, and of unquestioned ability, integrity, and good reputation.

The members of the board of appraisers, after taking the prescribed oath, inspected the property, to determine the character and extent of the damages, and estimate the cost of restoration. Mrs. Atkinson, present at the time, testified that the appraisers devoted about 45 minutes to the inspection of the main house; the three appraisers fixed the time at three hours. Be that difference

as it may, it seems undisputed that the appraisers located and inspected every item of damage, subsequently set up by appellees, reached a unanimous agreement as to its nature and extent, as well as the manner and cost of its repair, and gave effect to their conclusions in the ultimate estimate and award. A like procedure was had as to the garage.

In their petition appellees attacked the award upon the grounds that it was "totally inadequate and was not a fair estimate * * * and had been arrived at by incompetence, inadvertence or fraud," and "that said award should be set aside because it was not impartial, disinterested and fair in that an impartial and fair appraisal would have shown and shows that the visible damage to plaintiffs' property was the sum of $2161.77, and the award of $497.40 is so grossly inadequate under the actual damage that said award was made casually, superficially and hastily and the appraisers did not know and could not and did not ascertain the full extent of plaintiffs' damage, but after superficial survey handed in the award of $497.40 which is grossly inadequate to repair plaintiffs' actual damage and loss."

Upon the trial, appellees, and their two expert witnesses, who were building contractors, testified in detail as to the damages to appellees' property, which appellees' expert witnesses estimated at $3,000 and $2,038, respectively, and gave it as their opinion that the roof, outer and inner walls and ceilings of the dwelling were injured in such manner and to such extent that the damage could not be repaired, or the structure restored to its former condition, except by removing and reconstructing the entire roof, walls, and ceilings. On the other hand, the two appraisers and umpire, and three or four other experienced builders and contractors put on the stand by appellant, all disinterested witnesses, testified that in their judgment the damaged parts could be restored to their original condition by repairing, rather than destroying and rebuilding, them. By this process the conflict between the parties was resolved into a question of opinion or judgment, between admittedly competent persons, with a decided preponderance, in numbers, at least, supporting the findings of the appraisers. It may, or may not, be significant that the local representative of a loan concern, which held a heavy mortgage upon the insured property, was satisfied with the award made by the board.

■ There is, and can be, no serious contention in this case, that the board of appraisers were incompetent, or that they acted other than in the utmost good faith in performing the obligation imposed upon them as arbitrators. The undisputed evidence shows, conclusively, that, instead of making a "casual," "hasty," or "superficial" examination of the damaged structures, and arriving at the award in like manner, the appraisers carefully viewed, measured, considered the effect, and estimated the cost of repair, of every item of damage set up below by appellees, and from such examination and appraisal reached the unanimous conclusion that the buildings could be restored to their former condition by repairs and replacement of damaged parts, without the necessity of complete dismantling and reconstruction, afterwards demanded by appellees. The rule is that in such cases the courts may not substitute their own award for that of the appraisers.

■ Except for the differences in the specific injuries to the buildings, and the amount of the award, the case is identical with that of Gulf Ins. Co. v. Pappas (Tex. Civ. App. writ ref.) 73 S.W.(2d) 145, 146, decided by this court since the trial of this cause. In that case the insured property was damaged by fire, resulting in a sagging of the floors of the building. A board of appraisers, including one of those serving in this case, found that the damage caused by the sag could be repaired without dismantling and rebuilding the floors, walls, and roof, and that the damage could thus be repaired at a cost of $3,741, which sum they awarded to the insured. The latter rejected the award, contending that the damage could not be repaired, or the building restored, except by tearing down and rebuilding the walls, etc., at a cost of $12,000, for which sum the brought and recovered judgment upon jury findings. The judgment was reversed by this court, and judgment was here rendered in the amount of the award. Writ of error was denied by the Supreme Court. In disposing of the appeal this court said:

"The true difference between appellees' theory and appellants' theory is that the former contend that in view of the sags mentioned the building could be restored and the fire loss compensated only by the complete reconstruction or replacement of the whole interior of the building, at a cost of approximately $12,000, whereas, in the judgment of the appraisers and umpire the loss could be compensated and the building re-

stored to its original condition by reconstructing some parts and replacing other parts of the interior, at a cost of $3,741. The difference was purely one of opinion or judgment, and, in such case, the unanimous award of the appraisers and umpire arrived at deliberately and in good faith, in the absence of any evidence of fraud or accident or mistake which misled them into a finding not intended by them and not expressing their true attitude, will not be set aside by the courts.

"The true question in such cases is, Were the appraisers laboring under a mistake of fact by which their award was made to operate in a way they did not intend? 2 R. C. L., p. 389 et seq., § 34 et seq.; 5 C. J. p. 179 et seq., § 462 et seq.; 24 Tex. Jur. 697, 1117, §§ 32, 296–303; note 47 L. R. A. (N. S.) 445; note 78 A. L. R. 904; Green v. Franklin, 1 Tex. 497; Payne v. Metz, 14 Tex. [56], 60; Forshey v. Ry., 16 Tex. 516; Home Ins. Co. v. Walter (Tex. Civ. App.) 230 S. W. 723; Home Ins. Co. v. Ketchey (Tex. Civ. App.) 45 S.W.(2d) [350], 352; Sanders v. Newton, 57 Tex. Civ. App. 319, 124 S. W. 482; Bowden v. Crow, 2 Tex. Civ. App. 591, 21 S. W. 612; Robbs v. Woolfolk (Tex. Civ. App.) 224 S. W. 232. There was no evidence, nor is any contention made here, that the appraisers and umpire were laboring under any such mistake. They knew exactly what they were doing, and upon the trial, with the whole case before them, they stood steadfastly by their award. In such case the courts will not substitute their own award for that of the appraisers.

"The jury findings upon which the judgment was based are entirely beside the question and amount to nothing as a support of the judgment. The issue found by the jury, that the appraisers and umpire failed to include the total cost of replacing the whole interior of the building, was not in the case, in that the board of arbitration found from a full consideration of the whole situation that the actual loss could be met by partial replacement and reconstruction, at a cost of $3,741, and that complete replacement and reconstruction at the enormous cost of $12,000 was not necessary to the restoration of the building, and therefore that the actual loss was not $12,000 but only $3,741. The appraisers were selected for the purpose of determining that very question, and it being conceded that they were fully competent, that they acted fairly and in good faith, and that the award was the result of their deliberate judgment, impartially arrived at, and operating as they intended it should, their action was binding alike upon the parties."

We adopt those conclusions as our conclusions in this case, and, accordingly, the judgment appealed from will be reformed so as to decree recovery in appellees against appellant for the sum of $497.40, without interest, and, as so reformed, affirmed, at the cost of appellees.