E. BOONE V. M. E. MILLER ET AL.

No. 6240.

1. **Limitation—Land Certificate.**—It has been decided by this court that the statute of limitations of two years does not apply to adverse possession of a land certificate. 66 Texas, 411.

2. **Probate Sale.**—It was proper to refuse a charge recognizing as a defense a probate sale made in 1839 of a headright league of land in De Witt County, there being an order of sale, sale, and return of sale proved, but no deed to the purchaser (nor did the defendant asking the charge connect himself with the sale), against plaintiffs as heirs of the grantee and holding under a headright certificate granted by the District Court in 1846; there being no evidence that the land in De Witt County was held under a valid certificate to same grantee.

3. **Stale Demand.**—The defense of stale demand does not obtain against the legal title, nor does any presumption arise by lapse of time that the holder of the legal title, not in possession has parted with his title.

4. **Charge—Imperfect.**—The court in its charge enumerated the details of family history constituting the plaintiffs the heirs of the grantee named in the patent, and charged that the burden of proof of all material allegations was upon the plaintiffs, and that if the jury found the facts constituting them the heirs, etc., to find for the plaintiffs, was at most defective in not submitting that if the jury did not find the fact of heirship they should find for the defendant.

5. **Taking Depositions.**—Counsel agreed that the depositions of a witness might be taken to the original direct and cross-interrogatories. The answers were defectively returned. One party detached the original interrogatories and had a commission issued under which the depositions of the witness were taken and regularly returned. *Held:*

1. It was proper for the party desiring the testimony of the witness to proceed at once to retake the depositions without waiting to ascertain whether the defect would be waived.

2. It was not proper to withdraw the filed original interrogatories. A copy should have been obtained. But the irregularity is not ground of reversal.

6. **Pedigree—Evidence.**—What is said by one member of a family to another as to pedigree may be received in evidence to prove such pedigree.

APPEAL from Jack. Tried below before Hon. P. M. Stine.
The opinion states the case.

*Ferguson & Davidson,* for appellant. — 1. The court erred in sustain-

ing plaintiffs' exceptions to the defendant's plea of adverse possession of the certificate for more than two years and for more than twenty years prior to location of the same by virtue of which the land in controversy was located and patented. Smithwick v. Andrews, 20 Texas, 41; Smithwick v. Andrews, 24 Texas, 494; Andrews v. Smithwick, 34 Texas, 544; Simpson v. Chapman, 45 Texas, 566; Wimberly v. Pabst, 55 Texas, 591; Barker v. Swenson, 66 Texas, 411.

An unlocated land certificate is personal property. Johnson v. Newman, 43 Texas, 628.

2. On hearsay evidence in questions of pedigree. 1 Greenl. on Ev., sec. 103; Smith v. Shinn, 58 Texas, 1.

3. After lapse of forty-six years the claim of plaintiffs was a stale demand, the certificate by virtue of which the land was located being sold at an administrator's sale in 1839. Their claim was only an equity to have such sale set aside if any right existed. League v. Rogan, 59 Texas, 435; Taylor v. Campbell, 59 Texas, 317; Hines v. Thorn, 57 Texas, 104; Smith v. Shinn, 58 Texas, 1; McFaddin v. Williams, 58 Texas, 629; Vogelsang v. Daugherty, 46 Texas, 472; Hudson v. Jurnigan, 39 Texas, 587.

4. After the lapse of more than thirty years a proper deed of conveyance will be presumed to have been made and delivered when a sale is shown to have been made and the purchase money paid when the party who is claimed to have so conveyed does not assert title, but acquiesces in the adverse possession; and especially is this true when all the parties who could know the facts are dead before such claim is asserted. Lewis v. San Antonio, 7 Texas, 302–8; Paul v. Perez, 7 Texas, 344; Taylor v. Watkins, 26 Texas, 690–700; Johnson v. Timmons, 50 Texas, 521; Veramendi v. Hutchins, 56 Texas, 420.

*Harcourt & Ball*, also for appellant.—1. Limitation of personal actions. Rev. Stats., arts. 3203, 3205, 3206, 3207, 3209; Mason v. McLaughlin, 16 Texas, 24; Gibson v. Fifer, 21 Texas, 260; Tinnen v. Mebane, 10 Texas, 246; Smithwick v. Andrews, 24 Texas, 488; Fessenden v. Barrett, 9 Texas, 475.

2. The right to an unlocated land certificate is a tangible thing which may be recovered by suit, and if the right to sue is barred by lapse of time, the right to hold the land, the thing symbolized by the certificate, would in legal contemplation follow the possession and be secured to the holder of the certificate locating the same. Johnson v. Newman, 43 Texas, 628; Hines v. Thorn, 57 Texas, 104.

3. The instruction asked by the defendant and refused by the court was the law applicable to the facts of the case. [See opinion.] Johnson v. Newman, 43 Texas, 628; Hines v. Thorn, 57 Texas, 104; Walters v. Jewett, 28 Texas, 192; Hollis v. Dashiell, 52 Texas, 194; Hermann v. Reynolds, 52 Texas, 395.

"Unlocated land certificates are treated as personal property, and so far considered chattels that they are the subject of verbal sale and delivery." Stone v. Brown, 54 Texas, 334; Randon v. Barton, 4 Texas, 292.

"If a deed or a power of attorney may be presumed from such a lapse of time, why may not the facts which are equivalent and which need not be evidenced by writing more readily be presumed?" Veramendi v. Hutchins, 48 Texas, 552, and cases cited.

"A charge asked must be given if it be correct and proper in its application to the facts of the case." Earl v. Thomas, 14 Texas, 583.

4. The narrative, argumentative form of the charge in favor of plaintiffs contained no negative or counter-charge in favor of defendant, and was calculated to mislead the jury. [See opinion.] Rev. Stats., art. 1317.

"Duty to charge on presumptions of law." Johnson v. Timmons, 50 Texas, 535.

"The charge must not put the case too strongly for the plaintiffs." Andrews v. Marshall, 26 Texas, 215.

5. The charge of the court in its narrative form assumed that there had been no sale and delivery of the certificate, and that the heirs of Isaac Hughson were entitled to recover the land. Stone v. Brown, 54 Texas, 334; Veramendi v. Hutchins, 48 Texas, 552 and cases cited.

"The charge which assumes a fact to be proved which is not proved is erroneous." Crozier v. Kirker, 4 Texas, 252; Austin v. Talk, 26 Texas, 127; Williams v. Davidson, 43 Texas, 39.

6. A superior outstanding title is a good defense, although the defendant may not claim under such title. Styles v. Gray, 10 Texas, 503; Kinney v. Vinson, 32 Texas, 125; Burleson v. Burleson, 28 Texas, 383.

*Stark & Stark, E. W. Nicholson,* and *Hood, Lanham & Stephens,* for appellees. — 1. On limitation applied to land certificates. Barker v. Swenson, 66 Texas, 411.

2. On taking depositions. Willis on Dep., sec. 530; Fox v. Jones, 1 W. Va., 216.

3. No injury resulted to appellant from the admission of the depositions, for the facts were fully established by other testimony. Pridgen v. Hill, 12 Texas, 374; Herndon v. Collins, 7 Texas, 322; 2 Wills., secs. 5, 626; Johnson v. Davis, 12 Texas, 175; Stansell v. Cleveland, 64 Texas, 666.

4. Evidence in pedigree. Primm v. Stewart, 7 Texas, 181; 3 Texas, 4, 33, 449; 1 Peters, 226; 5 Id., 81.

5. Stale demand has no application to this case, the legal title being in appellees. Satterwhite v. Rosser, 61 Texas, 172; Murphy v. Welder, 58 Texas, 241; Williams v. Conger, 49 Texas, 602.

6. If the probate sale in 1839 was of any validity it can not amount to more than an outstanding equity with which appellant was in no way

connected.    Johnson v. Timmons, 50 Texas, 521; Shields v. Hunt, 45, Texas, 425.

HENRY, ASSOCIATE JUSTICE.—This suit was instituted on February 26, 1885, by appellees to try title to a league and labor of land patented to the heirs of Isaac Hughson on the 21st day of November, 1873, lying in Jack County.

The defendant pleaded "not guilty," the statutes of limitation of three, five, and ten years, and that more than thirty years elapsed after plaintiffs' cause of action accrued before they claimed title to or exercised acts of ownership over the land certificate by virtue of which the land in controversy was located.    That by reason of plaintiffs' never having had possession or exercised acts of ownership over the land certificate or land their claim had become stale.

The court sustained exceptions to defendant's plea of title by limitation to the land certificate.

There was a verdict and judgment for plaintiffs.

It appears that Isaac Hughson died in 1833, in Texas, leaving his wife Elizabeth and two children, Thomas and Jane, surviving him.    Both of the children died unmarried.

The widow afterwards married one Thomas C. Smith.    Of the last marriage appellees are the only living children, all other children born to their parents having died unmarried.

Elizabeth Smith, the mother of plaintiffs, died in 1847.

In the year 1838 a certificate for a league and labor of land was issued to the heirs of Isaac Hughson at Matagorda.

In the year 1846 the District Court of Matagorda County granted to the heirs of Isaac Hughson a certificate for a league and labor of land, by virtue of which it was that the land in controversy was located and patented.

A petition, order of sale, and report of sale, purporting to have been had in the Probate Court of Matagorda County, in the year 1839, in the course of an administration of the estate of Isaac Hughson, was introduced in evidence to show the sale of a league and labor of land belonging to said estate, lying in De Witt's Colony, to one Johnson.

The first error assigned is that "the court erred in sustaining plaintiffs' exceptions to defendant's plea of adverse possession of the certificate for more than two years and for twenty years prior to location of the same, by virtue of which the land in controversy was patented."

We do not find in the record a plea in the terms stated.    There was such an one in the second amended answer of defendants, but it was substituted in their third amended answer by the pleading which we have substantially described.

It has been decided by this court that the statute of limitations of two

years does not apply to a land certificate. Barker v. Swenson, 66 Texas, 411. In this case the evidence fails to show an adverse holding by the defendant or those under whom he claims of the land certificate under which the land is held for the period of two years before it was located on the land in controversy. No possession of the land after it was located is proved.

It is complained that the court erred in not giving to the jury at the request of defendant the following charge:

"The certified copy of the petition of James Hughson, administrator of the estate of Isaac Hughson, to sell the headright of said Isaac Hughson made October 29, 1839, and the certified copy of the order of the Probate Court of Matagorda County made and entered October 29, 1839, and the certified copy of the report of the sale of said headright to L. H. W. Johnson made December 3, 1839, is sufficient to divest the title of said certificate and of the land subsequently located, whether by the same certificate or by another issued upon the same right by the District Court of Matagorda County, Texas. If such was so issued, if the heirs of said Isaac Hughson did not within a reasonable time thereafter assert their claim thereto and have said sale set aside, and though it is not shown that any deed was made to said L. H. W. Johnson, yet after the lapse of forty years you are at liberty to presume that a deed was made if from all the facts and circumstances you believe one was made, and therefore the right of plaintiffs is a stale demand and they can not recover the land in controversy if you believe that neither the plaintiffs nor any one for them have ever had possession of said certificate for twenty years prior to bringing this suit; if you believe from the evidence that search has been made for the deed made by the authority of the probate proceedings to L. H. W. Johnson in Matagorda County, and that the same could not be found, then you are at liberty (more than thirty years having elapsed) to presume that a deed was properly made and delivered."

We think this charge if given would have attached to the proceedings of the Probate Court an importance that they do not merit. There exists neither proof nor presumption that the land sold under said proceedings had been located by virtue of a valid land certificate or that the sale was ever completed.

The fact that a few years afterward a valid certificate was granted the heirs of Isaac Hughson by the District Court, and that when acquired it was not applied to the land referred to in these proceedings, but was subsequently located and patented elsewhere, and that Johnson, the assumed purchaser, has not since the sale asserted any claim to the certificate or to the land located by it, indicates quite the contrary.

If the administration proceedings indicating a sale of land in De Witt's Colony in 1839, without evidence showing the existence of a valid land certificate at that time or its appropriation to the land sold, could be held

to have had the effect of conferring upon Johnson, the purchaser, an equitable claim to land in Jack County located and patented to the heirs of Isaac Hughson by virtue of a certificate granted to them in 1846, long after such sale, it still does not follow that the defendant to this suit, who neither has nor asserts any connection with Johnson's title, can avail himself of it by setting it up in this action as an outstanding title.

It has been decided by this court that he can not do so. Johnson v. Timmons, 50 Texas, 521; Shields v. Hunt, 45 Texas, 428.

Appellants complain of the following instructions:

"1. If you believe from the evidence that the Isaac Hughson mentioned in the patent died about the year 1833 and left surviving him as his widow Elizabeth Vermillion and two children by her, Jane (or Sarah Jane) and Thomas Hughson, and that afterwards the said widow of said Isaac Hughson married the witness Thomas C. Smith, and that there were born of this marriage the plaintiffs Mary Ann Burns and Malissa E. Bair and other children, and that all of their said children except plaintiffs Mary A. Burns and Malissa E. Bair died without children and without having married, and that after their death the said wife of said Thomas C. Smith (about 1847 or 1849) also died, and that within a few years thereafter the said Thomas and Jane Hughson, said children of said Isaac Hughson, also died, and that the plaintiffs Mary A. Burns and Malissa E. Bair are the surviving children of said widow of said Isaac Hughson, deceased, you will find for plaintiffs.

"2. The burden of proof is upon the plaintiffs to establish every material allegation in their petition.

"3. You are the exclusive judges of the weight of the evidence and the credibility of the witnesses."

The objection to this charge is that the court erred "in not informing the jury that if they found that plaintiffs were not the heirs at law of Isaac Hughson they should find for defendant."

While there could have been no objection to the court making this addition to its charge, we can not see that it was necessary for it to do so or believe that the addition would have influenced to any extent the result. At any rate, the charge as given was correct, and if something in addition that could be properly given was desired it should have been requested at the time by the defendant.

It is further claimed that the court committed error in the following particulars:

1. In not charging that the presumption from the great lapse of time was that the widow of Isaac Hughson and her children had conveyed the certificate by virtue of which the land was patented, and that the jury could presume a deed if they thought the facts and circumstances would justify such presumption.

2. In not charging the jury on the staleness of plaintiffs' claim.

3. In not charging that the sale of the land certificate by virtue of which the land was patented under the orders of the Probate Court of Matagorda County passed the title to the certificate, whether any deed was made or not, and that plaintiffs could not recover the land whether defendant could show a connection with the purchasers at said sale or not.

4. In not charging that the title to the land certificate could be conveyed by a verbal sale and delivery.

The last charge contains a correct proposition, but there was no evidence in the cause that would have justified its being given.

The doctrine of stale demand does not apply to plaintiff's legal title. Satterwhite v. Rosser, 61 Texas, 172. Mere lapse of time never creates a presumption that the owner of the legal title has parted with it, and we find nothing in the facts of this case to warrant the indulgence of such a presumption against plaintiffs. We have said that we do not think the probate proceedings had the effect here claimed for them. It would have been error to give any of said charges.

During the progress of the suit the attorneys of both parties agreed in writing that the depositions of Elizabeth Pybus might be taken from the original direct and cross-interrogatories without copies and without commission. In pursuance of this agreement the answers of the witness were taken under a commission, returned, and filed, but the certificate of the officer who took the deposition being found defective, plaintiff's counsel detached the original interrogatories from the answers, and under a second commission had the deposition of the witness taken and returned by another officer and filed in court.

The defendant moved to suppress the last taken deposition because: 1. It was taken without notice to him. 2. It had with it no interrogatories direct or cross. (The court had, on motion of defendant, caused the interrogatories to be detached from the second and reattached to the first deposition.)

The court overruled the motion to suppress the deposition, and the ruling is assigned as error.

When the deposition of a witness has been defectively taken and is liable to be suppressed it is proper for any party having an interest in it to proceed to have it retaken, without delaying to see whether the objection will be waived.

We do not think it is a correct practice to withdraw and use a filed paper for that purpose, and it would have been in this instance proper to have used certified copies instead of the original papers, but we do not think that irregularity affected the admissibility of the deposition; nor do we think that the detaching of the interrogatories from the deposition and attaching them to another deposition in the same case prevented the second deposition from being properly read to the jury in connection with the interrogatories.

Plaintiffs, to show that they owned the title granted to the heirs of Isaac Hughson, found it necessary to prove that he died leaving his widow and only two children surviving him, and that the two children died unmarried; also that his widow was their mother by a second marriage; that she was dead, and that all of her children by her second marriage, except plaintiffs, died unmarried.

Plaintiffs took for that purpose a number of depositions, some of the witnesses being relatives of plaintiffs and of said Isaac Hughson and some not. Many objections were taken to the answers of the witnesses contained in these depositions and errors are assigned upon them here. We think it unnecessary to discuss in detail these objections. There was no conflicting evidence. The only question is, did plaintiffs introduce sufficient legal evidence to make out their case?

Wharton in his Law of Evidence (sec. 201) says: "Pedigree, from the nature of things, is open to proof by hearsay in respect to all family incidents as to which no living witnesses can be found. If what has been handed down in families can not in this way be proved pedigree could not in most cases be proved at all. Nor is such tradition in its best sense open to the objections applicable to hearsay. The recognition of such relations forms part of the family atmosphere; the existence of such relationship constitutes the family. What is said by one member of the family to another as to pedigree may be received to prove such pedigree."

Some of the evidence in this case, by strangers and not traced to members of the families concerned and objected to on account of its being hearsay, ought to have been excluded. But upon every point in issue as to marriages, births, and deaths there was ample evidence to sustain plaintiffs' case, made by surviving members of the families based upon their own knowledge and statements made by relatives and upon reputation in the families.

There being sufficient legal evidence to establish the heirship of plaintiffs and none to the contrary, the improper admission of other and merely cumulative evidence furnishes no ground for disturbing the verdict of the jury.

We think the judgment of the District Court ought to be affirmed, and it is so ordered.

*Affirmed.*

Delivered April 26, 1889.