SLAUGHTER v. CRISMAN & NESBIT et al.†

(No. 7206.)

(Court of Civil Appeals of Texas. Dallas. May 15, 1915. On Rehearing, July 3, 1915.)

1. APPEAL AND ERROR ⬅️1002—REVIEW—CONCLUSIVENESS OF VERDICT.

A finding of the jury, on conflicting evidence, that arbitrators had considered the merits of defendant's claim for damages from plaintiff's delay in the performance of a building contract, though made on the testimony of one of the arbitrators as against the other two, could not be interfered with on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ⬅️1002.]

2. APPEAL AND ERROR ⬅️1043—HARMLESS ERROR—IMMATERIAL ERROR.

In an action on an award of arbitrators, and also upon the merits of the controversy upon a full and comprehensive pleading the sufficiency of which was not attacked by defendant in the court below, where the jury sustained the award and, independently thereof, found for plaintiff, the award, or any errors in the arbitration proceedings, became immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4115–4121; Dec. Dig. ⬅️1043.]

3. TRIAL ⬅️365—FINDING—CONSTRUCTION.

In an action on an award of arbitrators, a finding that defendant suffered no damage from loss of rentals due to plaintiffs' delays did not necessarily mean that defendant did not suffer loss of rentals, but meant that the loss was due to delays for which the plaintiff would not be liable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 871–874; Dec. Dig. ⬅️365.]

4. APPEAL AND ERROR ⬅️544—INSTRUCTIONS—BILL OF EXCEPTIONS.

Objections to the refusal to give defendant's requested charges and to the giving of certain charges for plaintiff, not reserved by bill of exceptions, as required by Acts 33d Leg. c. 59, could not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ⬅️544.]

5. CONTRACTS ⬅️242—BUILDING CONTRACT—CONSTRUCTION—CLAIM OF DELAYS IN PERFORMANCE—"ALTERATION."

Under a building contract providing that if the contractor was delayed by the neglect or default of any other contractor, or by any alteration required in the work, there should be no allowance of additional time unless a written claim therefor was presented at the time, whereupon the superintendent should certify the additional time allowed, neither the delay to give defendant's superintendent time to prepare plans for the foundation for a girder, which under the original plan projected into a window, nor a delay occasioned by the fact that defendant's superintendent lost the specifications of the frames for the windows, a delay occasioned by any "alteration," or by fault of other contractors, but by the act of the superintendent so that no written claim of delay was necessary in either case.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1127; Dec. Dig. ⬅️242.

For other definitions, see Words and Phrases, First and Second Series, Alter.]

6. EVIDENCE ⬅️271—SELF-SERVING DECLARATIONS—LETTERS.

In an action on an award of arbitrators, based upon a building contract, and upon the merits of the original controversy, involving the questions of delay in the work and damages therefrom, plaintiffs' letter to defendant in reply to defendant's complaint at the delay in the work, attempting to excuse the delay by pointing out the facts and circumstances relating to it, and plaintiffs' letter to defendant's architect, specifying facts entitling plaintiff to an extension of time, were self-serving declarations; and, hence, inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1079, 1081–1104; Dec. Dig. ⬅️271.]

7. APPEAL AND ERROR ⬅️1051—HARMLESS ERROR—ADMISSION OF EVIDENCE.

The admission of such letters was not reversible error where the judgment was fully supported by other legal evidence to sustain the issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. ⬅️1051.]

8. APPEAL AND ERROR ⬅️999—REVIEW—VERDICT.

The Court of Appeals can only interfere with a verdict where there is no evidence to support it, or where the evidence is insufficient to support it, or where the evidence is conflicting but the verdict is manifestly unjust and against the weight of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3912–3921; Dec. Dig. ⬅️999.]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Crisman & Nesbit against C. C. Slaughter, in which the Texas Glass & Paint Company intervened. Judgment for plaintiffs, and for intervenor against plaintiffs, and defendant appeals. Affirmed.

See, also, 152 S. W. 205.

K. R. Craig, Towne Young, and Greenwood, Walker & Williamson, all of Dallas, for appellant. Holloway & Holloway, of Dallas, for appellees.

RASBURY, J. To avoid repetition the following preliminary and undisputed facts shown by the record are related: Appellees, for a stipulated sum, contracted in writing with appellant to dismantle an old building on a lot in the city of Dallas belonging to appellant and to erect thereon a new one, as well as to make certain changes in and extensions to another building on the adjoining lot, also belonging to appellant. Appellees entered upon and completed the work, at which time appellant had in his possession a percentage of the contract price, directed in the contract to be retained until the work was completed. Appellant, at the time stated, claimed he was entitled to certain credits for work called for by the contract but omitted by agreement, as well as certain damages for loss of rentals resulting from the contractors' failure to complete the work within the period fixed by the contract. Appellees, at said time, claimed, in addition to the money retained by appellant under the contract, that they were due additional compensation for extra work. Failing to adjust these matters appellant and appellees in writing submitted their differences to three arbitrators, two of whom, W. Illingworth and Alex Watson, were named in the agreement, and authorized therein to select a third and disinterested arbitrator. The agreement to arbitrate provided in substance that those selected should determine (1) the amount, if anything due appellees for extra work, (2) the amount, if any, to be deducted from the contract price for work omitted, (3) the damages, if any, due appellant for delay in completing the work. The other provisions of the agreement to arbitrate conferred upon the arbitrators authority to proceed in such manner as they deemed convenient, to examine the buildings, plans and specifications, and other papers, and to hear, under oath or affirmation, any evidence by them deemed relevant. The agreement provided further for an equal division of the expense of the arbitration, and that a majority might make a valid award, which was to be in writing and signed in duplicate by the two making the award, and that when so made it should be final. Illingworth and Watson selected C. A. Gill as the third arbitrator, and in time Watson and Gill made the following award addressed to those interested, to wit:

"Gentlemen: Your arbitrators, Alex Watson and W. Illingworth, met on the 6th of April, and proceeded to investigate the claims for extra work done on the Slaughter building, and also the deductions due the owner for work and material omitted by the contractors. At the third meeting your arbitrators agreed on the selection of C. A. Gill as the third arbitrator. After a thorough investigation of the amount due the contractors for extra work, we find they are entitled to the sum of $2,340.95. This amount included the different items charged to emergency account, and we are informed that a check has been drawn in favor of Crisman & Nesbit for $357.65, which, when accepted by said contractors, will leave a net amount due them for extra work, the sum of $1,983.30. We also find that C. C. Slaughter is entitled to the sum of $843 deductions for work not done by the contractors as provided for by the plans, etc. In regard to the question of demurrage claimed by C. C. Slaughter, we, Alex Watson and C. A. Gill, do not think that his claims substantiated, therefore we do not allow the claim for demurrage."

By addendum thereto Illingworth dissented from the findings of the majority as follows:

"I respectfully dissent from this last finding only, and do not think that said finding is justified either by the contract or the evidence."

Appellant refused to be bound by the award for the reasons to be disclosed by his pleadings, and appellees sued on the award. There was judgment in the district court in favor of appellees. From the judgment appellant appealed to this court. The case was transferred to the Fourth Court of Civil Appeals, where the judgment was reversed, and the cause remanded for another trial. Slaughter v. Crisman & Nesbit, 152 S. W. 205.

On the second trial in the district court appellees alleged, as appears from the record they also did upon the first trial, not only the reference to arbitration and the subsequent award, which we have copied herein, but also, in anticipation of appellant's defenses, alleged in the event the award was held invalid and it became necessary or proper to inquire into the merits of the matters submitted to the arbitrators or the original controversy, that then appellees had completed said work in accordance with the original contract, plans, and specifications, as set out in their declaration upon the award, and that appellees, at the special instance and request of appellant did furnish various extra material, and did perform various extra work upon said building in the sum of $3,443.73 over and above and not contemplated by the original contract, an itemized list of which was attached to the pleading. Appellant's pleadings, without stating them categorically and in the order in which they were filed, were in reference to the award, in substance, that the award was invalid, (1) because two of the arbitrators, before selecting the third, determined matters upon which they could agree and submitted to the third arbitrator such matters only upon which they disagreed, (2) because the witnesses before the arbitrators were not placed under oath or affirmation, (3) because the arbitrators concluded, as matter of law, that appellant was not entitled to damages and refused to hear testimony in that respect, their conclusion being based upon evidence that appellant agreed orally before the contract was executed that he would not claim damages for delay in completing the work.

In reference to the count in the petition upon the merits of the original controversy appellant's pleading was in substance a specific denial of the matters alleged by appellees and an affirmative charge that appellees did not complete the work according to the terms of the contract and that as a result of such failure appellant was damaged in the loss of rentals in the sum of $12,000, together with the further sum of $997.75 paid out by appellant for work finished by appellant, but which should have been performed by appellees, and another small item properly chargeable to appellees. The Texas Glass & Paint Company intervened in the suit, asserting an interest therein against appellees which is mentioned for the sake of regularity, but concerning which no controversy arises on this suit. There was a trial by jury, to whom special issues were submitted, accompanied by appropriate definitions and explanations, and upon whose findings in that respect the court entered judgment, both upon the award of the arbitrators and upon the merits of the original controversy. The jury found as material to this opinion in answer to the special issues submitted: (1) That the award of the arbitrators should be sustained; (2) that without regard to the award the proof showed that there was due from appellant to appellees on account of extra work $2,340.95, and that there was due appellant from appellees, on account of deductions from the contract price $843; (3) that without regard to the award the proof showed that appellant was not entitled to damages for loss of rentals on account of appellees' delay in completing the work. The amount retained by appellant was not disputed, being $18,181.27, and the court instructed the jury to return verdict for that amount, as well as verdict for intervener against appellees, and for foreclosure of the mechanic's lien theretofore fixed in the manner provided by law, in favor of both appellees and the intervener, and, as we have said, concerning which no controversy arises on this appeal. Upon the findings stated judgment was entered both upon the award and, independently thereof, upon the merits of the original controversy for appellees for $23,874.30, being the amounts found by the jury with 6 per cent. interest from April 6, 1910, the whole to bear interest from date of judgment at 6 per cent. The judgment also provided for a foreclosure of the mechanic's lien and sale thereof and protected the intervener, Texas Glass & Paint Company, by judgment over against appellees for the amount of its claim, directing that it be paid in full first out of any proceeds of the foreclosure sale. From the judgment indicated this appeal was taken.

Under the first, second, and third assignments of error various propositions are urged, but we forego a discussion of them for the reason that the specific issues were presented on the former appeal and decided adversely to appellant's contention. Slaughter v. Crisman & Nesbit, 152 S. W. 205.

[1] By the fifth and sixth assignments of error it is urged that the finding of the jury that the award should be sustained is contrary to the evidence, for the reason that the evidence discloses without dispute that one of the arbitrators in making the award was wholly influenced by a gross mistake of law. If the proposition asserted was supported by the record, and it was further made to appear that such gross mistake of law caused the arbitrators to refuse to consider the merits of the issue upon which was formed the gross mistake of law, it would invalidate the award. The record does not, however, sustain the claim made by appellant. The issue was tendered in another way on the former appeal of this case, and revolves around the question of whether or not the arbitrators considered appellant's claim for damages for loss of rentals resulting from delays in completing the work within the stipulated period of time. The contract between appellees and appellant provided that the work was to be completed "on or before 217 days after getting full possession" of same. It was not completed for several months thereafter, and if such delay was due to the fault or negligence of appellees it is an elementary rule of law that appellant would be entitled to recover of them any loss of rentals traceable to that fact. Illingworth and Gill at trial testified that they did not consider appellant's claim for damages on its merits, because they construed the contract between the parties to mean that appellant could not recover for delays, such construction being based upon the testimony of appellees concerning certain oral agreements of appellant made prior to or at the time of the signing of the contract, while Watson testified that they did consider the claim for damages on its merits. In reference to this issue it was said, in disposing of the former appeal, that "the conflict in the testimony of the arbitrators made an issue of fact proper to submit to the jury," in order that they might determine whether they considered the issue on its merits as claimed by Watson, or held as matter of law that he was not entitled to recover as claimed by Gill and Illingworth. It was so submitted to the jury in a very clear and favorable charge prepared by counsel for appellant in their own language. Having been so submitted our right of interference ends, however much we may fail to understand the disagreement between the arbitrators or why the jury adopted the version of one witness in preference to that of two, none of whom had been impeached.

[2, 3] We further conclude in reference to the issue thus made, as well as all other issues presented on the question of whether there was or not a valid and enforceable award by the arbitrators, that such issues are immaterial. A reference to the pleading

herein stated shows that liability was sought against appellant first upon the award, and secondly upon the merits of the original controversy, and that the pleading in that respect is full and comprehensive and was not attacked in the court below as being insufficient in that respect. Evidence was introduced by appellant on the particular issue we are discussing, showing the amount of time the various offices in the building were vacant after the expiration of the stipulated period for the completion of the building, the reasonable rental value of same, and that there was a demand for same, and that they could have been rented but for the delay occasioned by appellees. On this branch of the case the jury found that appellant suffered no damage resulting from loss of rentals due to delays by appellees, and it is not charged that the evidence on this issue did not sustain the finding of the jury. This finding, of course, does not necessarily mean that appellant did not suffer loss of rentals, but, as we interpret it, that the loss was due to delays caused by appellant and for which appellees would not be liable. It is said that in a proceeding to set aside an award the entire controversy should be submitted to the jury, the grounds for vacating the award, and also the merits of the case. If the jury find the award should not be set aside, they proceed no further, otherwise they pass upon the merits of the case. Bowden v. Crow, 2 Tex. Civ. App. 591, 21 S. W. 612. Here, however, the jury were required to pass upon both issues. In so doing they not only sustained the award, but found, after hearing the testimony claimed to have been excluded on arbitration, as well as other evidence, that appellees, independent of the award and upon the merits of the original controversy, were entitled also to recover. With such a finding upon the merits of the original dispute, regardless of the award, it seems clear that the award or any errors in the proceedings become immaterial, and a discussion thereof largely academic.

[4] The seventh, eighth, ninth, tenth, eleventh, and seventeenth assignments of error complain of the refusal of the court to give certain charges specially requested by appellant, and complain of the giving of certain charges specially requested by appellees. Appellees object to a consideration of the assignments on the ground that it does not appear from the record that appellant reserved his objections to the action of the court by bill of exception. Such is the record and it has been repeatedly held that in such cases this court may not review the trial court's action under the provisions of the recent amendment of the practice acts. Gen'l Laws, Reg. Sess. 33d Leg. p. 113.

[5] The twelfth and thirteenth assignments complain of the admission of testimony for the purpose of establishing certain delays claimed by appellees to have been caused by appellant. The original plans and specifications called for a girder through the building intended as a support for the ceiling joists. As the work progressed it was discovered that according to the plans one end of the girder projected into a window, and it was necessary to re-arrange the plans so as to provide a support for the girder. The superintendent for appellant consumed about two weeks in preparing new plans or details in order to meet the emergency disclosed by the old plans, and such delay appellees charged to appellant. As bearing on this issue section 7 of the building contract provides that:

"Should the contractors be obstructed or delayed in the prosecution or completion of the work by the neglect, delay, or default of any other contractors, or by any alteration which may be required in the said work, or by any damage which may happen thereto by fire, or by the unusual action of the elements, or otherwise, or by the abandonment of the work by the employés through no fault of the contractors, then there shall be an allowance of additional time beyond the date set for the completion of said work; but no allowance shall be made unless a claim is presented in writing at the time of such obstruction or delay. The superintendent shall award and certify the amount of additional time to be allowed; in which case the contractors shall be released from the payment of the stipulated damages for the additional time so certified, and no more. The contractors may appeal from such award to arbitrators constituted as provided in article third of this contract."

Notice in writing of the claim stated was not presented in writing. The claim is made that such notice should have been in writing, and that hence the admission of the testimony was error. We think not. On former appeal it was held in effect that the purpose in requiring appellees to give notice in writing of delays occasioned by others was to afford appellant a prompt opportunity to investigate and end same, but that the provision for written notice of delays caused by others could not be invoked by appellant in case of delays due to the fault of the appellant, except in cases "requiring alterations." Thus, the only question is, Does the evidence show an alteration? We conclude not. As shown by the testimony sought to be excluded it does not appear that any alteration in the girder was contemplated. It remained in the same place in the building where it was originally placed. The sole purpose of the delay was to give appellant's superintendent time within which to prepare details or plans for the building of some sort of base or foundation for the girder in or about the open place into which the original plans carried it. Delay for the purpose of adding to or curing omissions in the plans adopted for remodeling the building cannot fairly be said to be an alteration of the work already planned. The original plans were not altered, rather they were added to. The time lost was, as we have said, not due to any delay in making an alteration in the work, but was lost in preparing plans for an addition there-

to; and hence not contemplated by the provision of the contract invoked.

The fourteenth assignment also complains of the admission of testimony. The witness Nesbit was permitted to testify that Rowe, appellant's superintendent, lost the specifications of the frames for the windows of the building, which occasioned a short delay. The objection to this testimony was not that the loss could not be shown to have resulted from the fault of appellant, but that no allowance could be made therefor, because the claim was not presented in writing in compliance with section 7 of the building contract. There was no notice in writing, but it is clear that notice in writing was not necessary, since the delay was not occasioned by any alteration in the building or by the fault of other contractors, but as said on the former appeal was due to the act of appellant's superintendent, regarding which notice was not necessary.

[6, 7] The fifteenth assignment complains of the admission in evidence of a letter written by appellees to appellant while the work was in progress. The purport of this letter, which seems to have been in reply to remonstrances of appellant occasioned by delay in the work, is to justify and excuse delay in the work, and points out categorically alleged facts and circumstances in that respect; and the sixteenth assignment complains of the admission of a letter from appellees to appellant's architect, Bulger & Son, the purport of which is to specify certain facts entitling them to an extension of time in which to complete the work. The objection to the admission of the letters is that the contents are self-serving declarations, and hence inadmissible. While we are of the opinion that the letters complained of were inadmissible for the purpose of establishing the issues to which they related, because self-serving, at the same time their admission alone is insufficient to cause a reversal of the case in view of the fact that abundant testimony was properly introduced to sustain the issue. Appellees, at great length and in detail, testified to the matters referred to in the letters and were sharply cross-examined by counsel for appellant in that respect. Hence the rule that the admission of improper evidence is not reversible error on appeal, where the judgment is fully supported by other legal evidence, applies; or as said in Boone v. Miller, 73 Tex. 557, 11 S. W. 551, "the improper admission of other and merely cumulative evidence furnishes no ground for disturbing the verdict of the jury." All cases bearing directly or indirectly on this issue will be found collated at page 798, vol. 1, Michies' Dig. Tex. Rep.

By the eighteenth assignment it is asserted that the evidence adduced upon trial of the case upon its merits does not support the finding of the jury that appellant was not entitled to any damages for loss of rentals due to delay in completion of the work, and for that reason should be set aside. In support of appellant's contention his counsel has assembled and reviewed under this assignment the evidence on this issue. Counsel for appellees have performed a similar service. In addition we have considerably examined the evidence contained in the statement of facts on the point.

[8] Our right to interfere with the verdict of the jury is circumscribed and may be exercised only where there is no evidence to support the verdict, or where the evidence is insufficient to support the verdict, or where the evidence is conflicting but the verdict is manifestly unjust and against the weight of the evidence. Having in mind the rule stated, we conclude that we are not authorized in setting the verdict aside, particularly in view of the fact that the same issue has been twice submitted to a jury and found adversely to appellant.

Finding no reversible error in the record the judgment is affirmed.

## On Rehearing.

It is earnestly urged on rehearing that we erred in refusing to consider the seventh, eighth, ninth, tenth, eleventh, and seventeenth assignments of error. Those assignments complain either of the refusal of the court to give certain special charges requested by the appellant or of the action of the court in giving certain special charges requested by appellees. Our refusal to consider the assignments was grounded on the conclusion that no sufficient bill of exception was taken to the action of the court in the respect stated. The purported bill of exceptions shown by the record is obviously the objections leveled against the court's main charge and certain special charges asked by appellant, such objections being prepared presumably by appellant when the court's charge with the special charges was presented to appellant for that purpose preliminary to reading same to the jury. In fact such conclusion is sustained by the indorsement of the court that such objections were presented to him before reading his charge to the jury and before argument. There is no order approving same and ordering it filed as a bill of exceptions, in fact no action by the court other than just recited, nor are such objections by law a part of the record of the case. There is, however, another and anomalous feature of the objections. It is recited at the conclusion of the instrument that appellant "excepts to the refusal of the court" to give appellant's said several special charges and "excepts to each and all the special issues." With the exception of the notation at the conclusion of the objections they constitute no more than a memoranda showing that objections to the court's action had been made before trial and would authorize and form the basis of the bill in case the court refused to conform its charge to the objections, and appellant desired to review the court's action in that respect. Otherwise, it would ap-

pear that the exception was taken before the ruling of the court upon the objections. Looking at the matter in such manner as will reconcile what is actually contained. in the objections with what 'could have transpired at trial, we assume that all special charges and the court's general charge was presented to counsel in compliance with the rules, and that before the objections were prepared the court informed counsel not only what would be done with reference to appellant's objections to the main charge and appellees' requested charges, but what would also be done with appellant's requested charge, whereupon what was intended to be combined objections and exceptions were prepared. The record in a measure inferentially sustains such view, since all the charges complained of were refused at the same time the objections were filed. There is a serious question in our minds, however, whether these facts show a substantial compliance with the law, since the verification of the court that appellant did except is, as stated, wholly inferential and is deducible from no indorsement of the judge, but rests upon what is contained in the objections. We have, however, considered the several assignments of error and have reached the conclusion that nothing is shown thereby which can change our original disposition of the case, based, as it was, largely upon the fact that the jury found adversely to appellant upon both the award of the arbitrators and the cause of action independently thereof, upon charges fairly, fully, and favorably presenting appellant's defenses. Having reached that conclusion we feel that a discussion of the several assignments seriatim is unnecessary.

The motion for rehearing is overruled.